

261 Madison Avenue, 26th Floor
New York, New York 10016
(212) 972-7040 (o) • (212) 922-1939 (f)
www.FSFLLP.com

**DANIEL J. SCHNEIDER\*, PARTNER**
DSchneider@fsfllp.com

October 26, 2021

<u>*Via ECF*</u>
Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court, S.D.N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 21A
New York, NY 10007-1312

    Re:    Reply to Plaintiff's Opposition Submitted October 26, 2021
             Case No.: 1:21-cv-01791(NRB)—*Rachel Filsoof v. Andrew J. Cole*
             Client No: 1272-1001

Dear Judge Buchwald:

      We write because Your Honor's endorsed letter of October 21, 2021 does not address Defendant's right to reply to Plaintiff's opposition to Defendant's application for relief as set forth in subsections (l) and (m) in Defendant's notice of motion (ECF No. 94). The undersigned has taken the opportunity to review Plaintiff's submissions and notes that Plaintiff's papers fail to directly address the Court's express inquiry—would reciprocal preliminary injunctions be inappropriate?

      In addition, Plaintiff's submissions contain primarily unsupported, self-serving and conclusory statements that protest Plaintiff's and her counsel's innocence of wrongdoing. It also cries ignorance the Court's directive and the law despite having long been represented by counsel or being lawyers (in Ms. Thomas' case, a JD admission pending).

      While Plaintiff's arguments are not on point, address arguments not made, and otherwise fail to address the salient issues of success on the merits and irreparable harm, there are inaccuracies that could be addressed if the Court feels it would assist it in making this expedited decision. Included in those inaccuracies are Plaintiff's erroneous claim that Defendant seeks relief that would interfere with another proceeding, a mischaracterization of the plain language of the March 2021 police report, assertions of things that have never been expressed between counsel, either orally or in writing (e.g., consent for Defendant's continued deposition, if it's permitted, to continue to be via Zoom, see ECF No. 106 at p. 20), and that any recordings or self-serving declaration statements submitted by Plaintiff constitute evidence that any assault ever took place. It is as though the Courts is now called upon to decide whether mean and angry statements now constitute assault.

*\*Licensed in New York, California,
Illinois and Massachusetts*

# FARBER SCHNEIDER FERRARI LLP

Hon. Naomi Reice Buchwald, U.S.D.J.
October 26, 2021
Page 2 of 2

  Plaintiff appears more interested in submitting further inflammatory statements (that are disputed an denied) that purport to justify her own preliminary injunction than submitting facts and law as to why Defendant's would be inappropriate. These issues could be further addressed in a reply.

  Therefore, if such further would be useful to the Court, or if there is a particular issue with respect to Plaintiff's opposition that the Court would find benefit from further briefing, Defendant would respectfully request to submit a reply by a date and time ordered prior to November 1, 2021. I thank the Court for its consideration.

             Respectfully submitted,

             FARBER SCHNEIDER
             FERRARI LLP

             By: _____
                Daniel J. Schneider

DJS/tim

cc: *Via ECF*
   John Bostany, Esq.
   Tom Fini, Esq.

> The Court does not request and does not require reply papers at this time.
>
> */s/ Naomi Reice Buchwald*
> NAOMI REICE BUCHWALD
> UNITED STATES DISTRICT JUDGE
>
> Dated: New York, New York
>     October 27, 2021