UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHEL CAROL FILSOOF, | Case No.: 1:21-cv-01791(NRB) |
| Plaintiff, | |
| v. | **STIPULATION AND PROTECTIVE ORDER ON CONSENT** |
| ANDREW J. COLE, | |
| Defendant. | |

WHEREAS plaintiff RACHEL CAROL FILSOOF ("Plaintiff") and defendant ANDREW J. COLE ("Defendant") are parties (one a "Party and both the "Parties") to the above-captioned action ("the Action"); and

WHEREAS Plaintiff has requested that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that has been and will be exchanged pursuant to and during the course of discovery in this case; and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case may involve confidential documents or information the public disclosure of which under applicable legal principles will cause harm to the Producing party and/or

third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action; and

WHEREAS, the Parties agree that all documents previously produced by the Parties to this Action are entitled to designation as CONFIDENTIAL in accordance with and under applicable legal principles and the provisions of this Order and Stipulation should they be applicable to this Order and Stipulation and be marked CONFIDENTIAL pursuant to its terms, and

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and through the Parties undersigned attorneys in the Action, pursuant to Fed. R. Civ. P. 26 (c)(1) and 29, as follows:

1. This Order and Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter "Documents", "Testimony" or collectively "Discovery Material").

2. Any person subject to this Order and Stipulation who receives from any other person subject to this Protective Order any Discovery Material that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3. (a) The person producing any given Discovery Material may designate it as Confidential, and "Confidential Information" shall mean, only those Documents and Testimony if such documents or testimony contain proprietary business information, sensitive information and personal information within subcategories (i) through (v) below. Within five (5) days of a request being made by the receiving party for the basis upon which a confidential designation has been assigned by the Producing party to a document or group of documents, the Producing party shall advise the receiving party of the basis upon which the confidential designation has been made. The following are categories that the parties agree may be designated as Confidential Information: (i)

medical records; (ii) psychological records; (iii) employment records; (iv) tax records; (v) social security numbers or credentials that could be used for identity or account theft; or (vi) any other category of information hereinafter given confidential status by the Court upon application from the disclosing Party. For purposes of clarity, the Plaintiff objects to the production of tax records, and the inclusion of tax records as a category that the parties agree may be designated as Confidential Information is in no way a waiver of Plaintiff's position that she should not be required to produce tax records.

(b) "Producing party" shall mean the parties to this action and any third parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c) "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing party or that person's counsel may designate such portion as "Confidential" *that it* deems in good faith and under applicable legal principles is entitled to protection as Confidential Information or that the disclosure of which would cause harassment, annoyance, embarrassment or oppression. Such Confidential designation may be made by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted. All documents designated as "Confidential" shall be treated as Confidential Discovery Material.

5. With respect to deposition transcripts, a Producing party or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as

"Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the Producing party or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

6. If at any time prior to the trial of this action, a Producing party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

7. Except with the prior written consent of the Producing party or by Order of the Court, no person subject to this Protective Order other than the Producing party shall disclose any of the Confidential Discovery Material designated by the Producing party as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and their counsel;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that the Court appoints;

(e) as to any document and/or communication, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action and the identity of such person has been disclosed to the Receiving party at least five (5) business days before such person is permitted to review any Confidential Discovery Material, such that the Receiving party has a reasonable opportunity to object to such disclosure;

(g) any person retained by a Party to serve as an expert witness in connection with this action, provided that they sign an agreement agreeing to be bound by this Protective Order;

(h) stenographers engaged to transcribe depositions conducted in this action;

(i) this Court, including any appellate court, and the court reporters and support personnel for the same; and

(j) any other person agreed to by the Parties.

8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f) or 6(g) above, such person shall sign an agreement agreeing to be bound by this Protective Order.

9. Any Party who objects to the designation of a document as being Confidential Information may, at any time prior to the trial of this action, serve upon counsel for the designating Party or person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with the Court's Individual Practices in Civil Cases. The party claiming the benefit of

confidentiality shall bear the burden of proof with respect to whether or not the objected-to documents are entitled to a Confidential Information designation.

10. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution, defense of and the enforcement of any rights and remedies in connection with this action and any appeals thereto or as otherwise ordered by the Court, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

11. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the Producing party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing party deems it appropriate to do so.

12. All persons seeking to file redacted documents or documents under seal with the Court shall follow the Court's Local Rules and any applicable Individual Practices in Civil Cases and shall provide notice of such intent to all Parties. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford

confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Before any party files any Confidential Discovery Material in Court, such party must meet and confer with the party who designated the material as Confidential as to whether the producing party is taking the position that the material must be filed under seal. If the parties cannot come to an agreement, the party requesting that a document only be filed under seal shall have the burden of seeking a Court order regarding the dispute. This process shall not be construed to limit the Court's power to decide whether a document can be filed under seal. The Parties will use their best efforts to minimize such sealing. In the event that the Court denies the right to file under seal, the Producing party may file the Confidential Document without being deemed in violation of this Agreement.

13. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material including, without limitation, Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery. In the event that the person receiving PII or Confidential Information experiences a data breach, she, he, or it shall immediately notify the Producing party of the same and cooperate with the Producing party to address and remedy the breach.

14. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including the exhaustion of appeals, all Discovery Material designated as "Confidential," and all copies thereof, shall be either destroyed or promptly returned to the Producing party, and all persons who possessed such material shall verify in writing its return or destruction. Notwithstanding counsel for the parties may keep a copy of Confidential information in

its physical or electronic file related to this matter. However, those documents must be kept confidential by counsel and must be treated in accordance with this Protective Order.

15. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court and/or sanctions as the Court deems appropriate. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

16. This Order may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

17. Each party consents to the submission of this Confidentiality Order to the Court to be "So Ordered," following the execution by counsel.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

[Signatures on following page]

[Signatures to consent stipulation and protective order
re: confidentiality of certain discovery in Filsoof v. Cole - 1:21-cv-01791(NRB)]

Dated: November 29, 2021
New York, New York

**THE BOSTANY LAW FIRM PLLC**            **FARBER SCHNEIDER FERRARI LLP**

By:_____/S/_____                By:_____/S/_____
         John P. Bostany, Esq.                    Daniel J. Schneider, Esq.
Attorneys for Plaintiff                  Attorneys for Defendant
3 World Financial Center, 24th Floor     261 Madison Ave., 26th Floor
New York, New York 10281                 New York, New York 10016
(212) 530-4400                           (212) 972-7040
mail@bozlaw.com                          dschneider@fsfllp.com

**CATAFAGO FINI LLP**

By:_____/S/_____
         Tom M. Fini, Esq.
Attorneys for Plaintiff
60 East 42nd Street, Suite 4700
New York, New York 10165
(212)239-9669
tom@catafagofini.com

SO ORDERED,
NAOMI REICE BUCHWALD, U.S.D.J.

11/30/21