CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART D
------------------------------------------------------------------------------X

PEOPLE OF THE STATE OF NEW YORK,

                                                                                        Docket Number
                                                                                        CR-006188-21NY

-against-

                                                                                        **NOTICE OF ENTRY**

ANDREW COLE,
                        Defendant.

------------------------------------------------------------------------------X

       **PLEASE TAKE NOTICE,** that the within is a true copy of the Decision and Order of Hon. Nestor Diaz., dated March 8, 2022, entered in the office of the county clerk on March 10, 2022.

Dated:   New York, New York
             March 10, 2022

                                              **FARBER SCHNEIDER FERRARI LLP**

                                              By: _____
                                                   Daniel J. Schneider
                                                   Attorney for the Defendant
                                                   261 Madison Avenue, 26th Floor
                                                   New York, New York 10016
                                                   (212) 972-7040

To:

Diane Eze
New York County District Attorney's Office
One Hogan Place
New York, New York 10013

CRIMINAL COURT OF THE CITY OF NEW YORK
NEW YORK COUNTY: **PART D**

---

THE PEOPLE OF THE STATE OF NEW YORK,

-against-

**ANDREW COLE,**

Defendant.

**DECISION and ORDER**

Docket No. CR-006188-21NY

---

HON. NESTOR DIAZ, J.

Defendant, Andrew Cole, is charged with Criminal Contempt in the Second Degree (Penal Law § 215.50[3]. Pursuant to Criminal Procedure Law § 30.30(1)(b), defendant moves to dismiss the accusatory instrument on speedy trial grounds.[1] Specifically, defendant argues that the People's June 18, 2021 statement of readiness ("COR") was illusory because, at the time it was filed, the People had not retained an expert and had no way of proving the distance element necessary to sustain the charged crime. Therefore, defendant argues this COR could not stop the speedy trial clock. Additionally, defendant argues that the People's Certificate of Compliance ("COC") and corresponding COR were invalid because the People failed to comply with certain discovery

---

[1] This is defendant's second motion to dismiss on speedy trial grounds and defendant's third motion to dismiss. In a decision and order dated September 17, 2021, the Honorable Michael Gaffey denied defendant's first motion to dismiss and held that ninety days of speedy trial time were chargeable to the People. Judge Gaffey also orally denied defendant's motion to dismiss in the interests of justice on December 13, 2021. Defendant argues that he has grounds for a successive motion pursuant to CPL § 255.20(3) based on new information that could not have been gleaned with due diligence. Defendant bases this argument on a November 1, 2021 phone conversation between prior counsel and the assigned assistant district attorney where the assistant allegedly indicated that she intended to retain an expert to prove the distance element at trial. Since this information was not available prior to defendant's first CPL § 30.30 motion, this Court finds that this second speedy trial motion is timely.

1

requirements. Finally, defendant avers that the People have exceeded their time constraints under CPL § 30.30 because they filed their response to the instant motion to dismiss after business hours on February 10, 2022, the day it was due. Moreover, they failed to properly serve their response until February 14, 2022. The People oppose the application in its entirety. For the reasons below, defendant's motion to dismiss is GRANTED.

## BACKGROUND

According to the accusatory instrument, on March 2, 2021, in the county of State of New York, defendant is alleged to have been within two hundred yards of the complainant's residence, in violation of an order of protection issued in the state of California which prohibited defendant from coming within two hundred yards of the complaint, her residence, school or place of employment.

## DISCUSSION

Here, defendant argues that the People's June 18, 2021 COR was illusory because, at the time it was filed, the People had not retained an expert and had no way of proving the distance element necessary to sustain the charged crime. Defendant further argues that this COC was improper because prior to its filing, the People failed to disclose a private investigator report and certain NYPD documents. The People respond that both the COC and COR were valid because they were filed in good faith and defendant has failed to show any prejudice as a result of any belated disclosures.

In any event, this Court need not reach the question as to whether the People's COC and COC were proper because even if the Court were to find these documents valid, the People have exceeded their speedy trial time. CPL § 30.30 (1) (b) requires dismissal of an accusatory instrument when the People are not ready for trial within 90 days of the commencement of a criminal action

where, as here, the charges carry the potential sentence of imprisonment of more than three months. The determination as to whether the People have satisfied their obligation under CPL § 30.30 is done by computing the time between the filing of the accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under CPL § 30.30(4) and then adding any post-readiness periods of delay that are actually attributable to the People and are ineligible for an exclusion. The first day of speedy trial time, when the accusatory instrument is filed, is excluded from the time calculation (People v. Stiles, 70 NY2d 765 [1987]). In a motion to dismiss pursuant to CPL § 30.30, the defendant bears the initial burden of demonstrating that the People were not ready within the statutory time period (People v. Sibblies, 22 NY3d 1174[2014]), People v. Santos, 68 NY2d 859 [1986]). The burden then shifts to the People to establish that a period should be excluded (CPL § 30.30[4]).

On September 17, 2021, the Honorable Michael Gaffey held that ninety days of speedy trial time were chargeable to the People. On February 3, 2022, after defendant filed the instant motion to dismiss, this Court set a motion schedule where the People's motion response was due by Friday, February 10, 2022. The People submitted their response via Electronic Document Delivery Service ("EDDS") at 9:20pm on February 10, 2022, after the close of business at 5:00pm (see Pell v. Button, 44AD2d 549 [1st Dept 1974]). As other courts have noted however, EDDS is merely a delivery system; submitting a document through EDDS does not constitute a filing (see People v. McDuffie, 2022 NYLJ LEXIS 152 [Kings Co. Sup. Ct. February 18, 2022]. Since the court was then closed on February 11, 2022 in observance of Lincoln's Birthday and on Saturday, February 12, 2022 and Sunday, February 13, 2022, the motion could not have been deemed to be properly filed until Monday, February 14, 2022. As such, four additional days are chargeable to the People (see; People v. Bonilla, 94 AD3d 633, 634 [1st Dept 2012]; People ex rel. Ferro v.

3

Brann, 197 AD3d 787 [2d Dept 2021]). Accordingly, this Court finds that ninety-four days of speedy trial time are chargeable to the People.

## CONCLUSION

This Court finds that the People have exceeded their speed trial time constraints under CPL § 30.30. It is hereby ORDERED that defendant's motion to dismiss the accusatory instrument is GRANTED. In light of this finding, the Court need not reach defendant's other contentions.

This constitutes the decision and order of the court.

Dated: March 8, 2022
    New York, New York

ENTER:

_____
HON. NESTOR DIAZ
Judge of the Criminal Court

4

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART D
-----------------------------------------------------------------------------X

PEOPLE OF THE STATE OF NEW YORK,

                                                    -against-

ANDREW COLE,

                                          Defendant.

-----------------------------------------------------------------------------X

Docket Number
CR-006188-21NY

**<u>AFFIRMATION
OF SERVICE</u>**

DANIEL J. SCHNEIDER, an attorney admitted to practice law before the courts of the state of New York hereby affirms and states under penalty of perjury:

That on the 10th day of March 2022, I served a true and correct copy of the Notice of Entry, by hand, in Court, upon the assigned Assistant District Attorney of the New York County District Attorney's Office assigned to Part D in the Criminal Court of the City of New York, County of New York located at 100 Centre Street, New York, New York, who confirmed the receipt of the document.

Dated: New York, New York
       March 10, 2022

                                        **FARBER SCHNEIDER FERRARI LLP**

                              By: _____
                                  Daniel J. Schneider
                                  Attorney for the Defendant
                                  261 Madison Avenue, 26th Floor
                                  New York, New York 10016
                                  (212) 972-7040

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART D

INDEX NO. CR-006188-21NY

PEOPLE OF THE STATE OF NEW YORK,

-against-

ANDREW COLE,

    Defendant.

## NOTICE OF ENTRY

FARBER SCHNEIDER FERRARI LLP
*Attorney(s) for* Defendant

*Office and Post Office Address, Telephone*

261 Madison Avenue, 26th Floor
New York, NY 10016

(212) 972-7040
Fax: (212) 922-1939

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath
Daniel J. Schneider

Service of a copy of the within is hereby admitted.
Dated: March 10, 2022

PLEASE TAKE NOTICE:

☒ NOTICE OF ENTRY

that the within is a *(certified)* true copy of a Decision and Order
duly entered in the office of the clerk of the within named court on 03/10/22

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.
within named Court, at
on                at        M.

of which the within is a true copy
one of the judges of the

Dated,

Yours, etc.

Daniel J. Schneider