UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
RACHEL CAROL FILSOOF,

        Plaintiff,

     - against –

ANDREW J. COLE,

        Defendant.
------------------------------X

**MEMORANDUM AND ORDER**

21 Civ. 1791 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

At the conclusion of defendant's deposition on September 14, 2021 and while still on the premises of plaintiff's counsel's law offices, defendant was arrested by two New York City police officers on a complaint filed by plaintiff on August 20, 2021 alleging an incident from 2019 that she had not reported at the time. Schneider Aff. in Support of Mot. for Sanctions ¶ 45 (ECF No. 96). Fortunately, this arrest did not result in defendant spending a night at Rikers because an Assistant District Attorney dismissed the complaint as untimely, as it was filed beyond the two-year statute of limitations applicable to misdemeanors. Id. Ex. 26. Nevertheless, this arrest spawned the current motion for sanctions, which if granted in its entirety would cause career consequences for plaintiff's counsel and the dismissal of this case. While the Court can certainly understand defendant's distress, the motion is denied as its premises do not withstand scrutiny as a matter of fact and consequently as a matter of law.

A brief history of this case as it pertains to the current motion is necessary.  This case was filed after an incident involving the parties in California that resulted in defendant's arrest and the entry of a protective order in California. Thereafter, plaintiff obtained a temporary protective order in New York requiring that defendant stay away from plaintiff.  See Pl. Aug. 19, 2021 Letter Ex. 2 (ECF No. 55).  Prior to defendant's deposition, the criminal charges and the related protective order in California were dismissed by the District Attorney in the interest of justice but the New York protective order remained in effect.  See Def. Aug. 17, 2021 Letter at 1 (ECF No. 54).  Thus, the issue arose of whether defendant, who resides in California, might be exposed to arrest for violating the New York protective order if he came to New York for his deposition and was near plaintiff, who was insisting on attending the deposition.  See Def. July 20, 2021 Letter at 4 (ECF No. 41).

At a conference on August 11, 2021 attended by counsel and plaintiff, the Court made clear that such an arrest would be unacceptable.  However, as everyone recognized, this Court had no authority to modify the protective order issued by a New York state court.  The parties thus proceeded to negotiate a revised protective order signed by a New York state court judge, which

contained a carve out for defendant's attendance at any proceedings or depositions related to this case.  See Def. Sept. 2, 2021 Letter Ex. 1 (ECF No. 66).  Nevertheless, as set out above, following the August 11 conference plaintiff filed a new complaint against defendant, which resulted in his arrest at the end of his deposition after she informed the police that defendant was in New York and where he could be found.  See Def. Sept. 15, 2021 Letter (ECF No. 76); Filsoof Decl. in Opposition to Mot. for Sanctions ¶ 47 (ECF No. 105) ("Filsoof Decl.").  This motion followed.

Analytically, the motion raises two issues: one, did plaintiff's counsel commit any sanctionable conduct, and two, did plaintiff herself commit sanctionable conduct?

We address the issue related to counsel first.  The premise of this aspect of defendant's motion is that plaintiff's counsel must have been involved in the events resulting in defendant's arrest because defendant's arrest occurred at counsel's law offices.  Plaintiff's counsel, his associate, and the firm's paralegal have all submitted affidavits denying any such involvement.  See Bostany Decl. in Opposition to Mot. for Sanctions ¶ 7 (ECF No. 102); Thomas Decl. in Opposition to Mot. for Sanctions ¶ 7 (ECF No. 103); Welborne Decl. in Opposition to Mot. for Sanctions ¶ 2 (ECF No. 104).  Similarly, plaintiff herself swears

-3-

that she did not involve or inform counsel of the filing of the underlying complaint or the steps she took resulting in defendant's arrest.  <u>See</u> Filsoof Decl. ¶ 50.

This Court credits the sworn denials of counsel given the professional consequences of the submission of a false affidavit on a matter so integral to the judicial process, and because it simply makes no logical sense that counsel would risk his career on a matter of such limited magnitude.  Moreover, defendant's supposition that the police could not access the floor of the Bostany law firm "without the knowledge or permission of" the firm is wholly unrealistic.  Def. Reply Br. at 4 (ECF No. 131).  Nor is there a reason for plaintiff to falsely take full responsibility for her actions when defendant seeks to dismiss her entire case because of them.  Regardless of defendant's or his lawyer's skepticism, in the absence of concrete evidence of the involvement of plaintiff's counsel in these events, there is no basis to sanction counsel and that aspect of the motion is denied.

We now turn to the second prong of defendant's motion: whether the plaintiff herself has committed sanctionable conduct.  Unlike the controls that a court has over counsel as officers of the court and as licensed professionals, a court has considerably less power over a litigant unless a clear order or rule of the court is

violated.  See So. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 145 (2d Cir. 2010) (observing that a court may "hold a party in contempt for violation of a court order when the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply").  Here there was no such order and thus no basis to hold plaintiff in contempt. Accordingly, that aspect of the motion also is denied.  The denial of defendant's sanctions motion should not be understood as an indication that plaintiff's successful effort to have defendant arrested at his deposition will not be without consequence to her as this case progresses.

Finally, defendant's additional requests for relief under Federal Rules of Civil Procedure 11, 30, 37(b), 67 and 28 U.S.C. § 1927 are unsubstantiated and, in any event, do not provide a sufficient basis for granting the comprehensive sanctions sought, and thus are denied.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 94.

               **SO ORDERED.**

Dated:    New York, New York
          January 4, 2022
                                    _____
                                       NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

-5-