**Catafago Fini LLP**
Attorneys at Law

One Grand Central Place
47th Floor
New York, NY 10165

tel: 212-239-9669   fax: 212-239-9688
www.catafagofini.com

March 10, 2022

**Via ECF**

District Judge Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

Re:   *Rachel Carol Filsoof v. Andrew J. Cole*., Case No. 21-cv-1791-NRB
      Plaintiff's Letter Response to Defendant's March 10, 2022 Letter (Doc. 173)

Dear Judge Buchwald:

      We represent the Plaintiff in the above-referenced action and respectfully respond to a letter filed by Defendant of this date (Doc. 173), which again seeks to vacate the preliminary injunction entered on April 6, 2021 (Doc. 20) (the "Preliminary Injunction"). This is at least Defendant's third attempt seeking this same relief, which the Court has considered and denied each time.[1] We respectfully ask the Defendant be directed to file his motion in accordance with the Rules, particularly because during a telephone conference held on March 1, 2022, this Honorable Court reminded counsel that letter motions should not be filed without prior judicial permission unless they are allowed by existing rules.

      Further, there is no merit to the Defendant's request for such dramatic relief. First, as the dismissal order attached to the Defendant's letter evidences (Doc. 173-1), the New York criminal case was *not* dismissed on the merits, nor was there any determination that the Defendant was not guilty of the crime for which he was charged, namely violating a sister state's order of protection. Rather, the sole basis for dismissal of the criminal case was purely procedural, namely that the prosecution filed its Opposition to Defendant's Motion to Dismiss after business hours which was not recognized according to Court rules until the following business day, and thus resulted in additional days being charged to the People.  This resulted in the People exceeding the speedy trial time under New York law. See Doc. 173-1 at 4 ("This Court finds that the People have exceeded their speed trial time constraints under CPL § 30.30. It is hereby ORDERED that defendant's motion to dismiss the accusatory instrument is GRANTED.  In light of this finding, the Court need not reach defendant's other contentions.").  Defendant's use of the word "exhonerated" [sic] in upper case in his letter may have been an attempt to lead the Court to conclude that the dismissal order was more than merely procedural.

---

[1] In an Order dated October 28, 2021, the Court denied Defendant's emergency request to vacate the Preliminary Injunction based on grounds that were briefed on an expedited bases. (Doc. 111).  In an Order signed on January 4, 2022 (entered on this date), the Court addressed the separate grounds that Defendant argued entitled it to vacatur of the Preliminary Injunction, again denying the application. (Doc. 174).

**Tom M. Fini**                                                                                                tom@catafagofini.com

Second, it is well settled that an acquittal or non-prosecution in a criminal case is not relevant or admissible in a civil case, because of the far higher burden of proof applicable in a criminal case. *See e.g.*, *Kovalchik v. City of New York*, 2017 WL 3105873, at *4 (S.D.N.Y. July 21, 2017) ("Simmons' criminal acquittal, however, does not itself constitute a defense in this civil action, as '[e]vidence of acquittal in a criminal action is generally irrelevant and inadmissible in a civil case involving the same incident.'"); *Burdyn v. Borough*, 2017 WL 394335, at *3 (M.D. Pa. Jan. 26, 2017) ("The rationale for excluding such a dismissal or acquittal from evidence in a civil trial is obvious. While a conviction can be considered a judicial determination of guilt, a dismissal, acquittal, or failure to prosecute may simply reflect an inability to meet the requisite burden of proof. The danger that a jury will accept a non-conviction as determinative outweighs any probative value that such evidence may hold."), *quoting Cunningham v. Wash. Gas Light Co.*, 1988 WL 90400, *1 (D.D.C. 1988).

Therefore, as a matter of law, the dismissal of the New York criminal case, which was purely on procedural grounds, is completely irrelevant and inadmissible as to the Preliminary Injunction.

Third, in November 15, 2021 Plaintiff's opposition to Defendant's motion to vacate the Preliminary Injunction, Plaintiff set forth the reasons why the Preliminary Injunction, which was duly entered, should remain in effect. See Doc. 126 at 7-8; 16-17. As Plaintiff explained in that opposition, when Plaintiff successfully obtained the Preliminary Injunction in March of 2021, Plaintiff submitted a sworn declaration dated March 12, 2021 (Doc. 7) demonstrating that although there was a restraining order against him at the time, Defendant flew to New York, and posted threatening photos showing that Defendant was near the Plaintiff's home, and that he was also posting photos of locations in New York, mimicking the Plaintiff's movements (see Docs. 7-12). Nothing in the Defendant's letter submission changes the *status quo* that this Court prudently sought to preserve during the pendency of this case when it entered the Preliminary Injunction.

Moreover, Plaintiff's expert Angelo Fiorenza has submitted an Affidavit dated January 20, 2022, explaining in ample detail that when the Defendant took a photograph near the Plaintiff's home on or about March 2, 2021, the Defendant was within 200 yards of the Plaintiff's place of residence (her apartment building), and was thus in violation of the restraining order that was then in effect. See the Affidavit of Angelo Fiorenza attached hereto as Exhibit A.

Of import is that this Honorable Court is sitting in a civil capacity and need not have determined whether or not Defendant was exactly 200 yards from Plaintiff's home, and need not determine whether Defendant was committing a criminal act at the time. It was and is sufficient that it is not in dispute that Defendant somehow found himself extremely close to Plaintiff's home, when he lives clear across the country and was posting photos both in front of her house and back of her house in January and March of 2021. This conduct was contemporaneous with the comments Defendant was making at the time that are outlined in Plaintiff's Complaint, *i.e.* "I see everything." See ¶¶ 38-44 of Plaintiff's Complaint. (Doc. 4).

The Defendant also uses the March 10, 2022 letter to make an inaccurate statement about medical issues. The evidence in this action shows that the Defendant has pre-existing back pain, and the doctor who examined the Defendant testified that the Defendant had no complaint for any

back pain, nor any injury that even warranted a finger split. The Defendant's failure to comply with Plaintiff's discovery request for support for his medical claims will be properly before the Court in due course.[2]

For the reasons set forth above, nothing in the Defendant's March 10, 2022 letter provides any reason to disturb the Preliminary Injunction that was duly granted for the reasons set forth in the ample briefing in support thereof.

We thank the Court for its consideration.

                                              Respectfully submitted,

                                              /s/ Tom M. Fini
                                              Tom M. Fini, Esq.

---

[2] At the March 1, 2022 Conference, the Court directed that Defendant would have five (5) days from the date of Plaintiff's supplement to her February 26, 2022 motion to compel, to file opposition to it. Plaintiff expects to file the supplement by tomorrow as counsel have been devoting time to other emergency motions that were filed in the interim.