

261 Madison Avenue, 26th Floor
New York, New York 10016
(212) 972-7040 (o) • (212) 922-1939 (f)
www.FSFLLP.com

**DANIEL J. SCHNEIDER\*, PARTNER**
DSCHNEIDER@FSFLLP.COM

March 11, 2022

*Via ECF*
Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court, S.D.N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 21A
New York, NY 10007-1312

   Re:  Order of Dismissal of *The People of the State of New York v. Cole* – CR-006188-21NY
      Case No.: 1:21-cv-01791(NRB)—*Rachel Filsoof v. Andrew J. Cole*
      Client No: 1272-1001

Dear Judge Buchwald:

  In response to Plaintiff's recent briefing, in the event that the Court would like to see a submission with the lack of merit of the charge of a violation of N.Y. Penal Law § 215.50(3),[1] even on a preponderance of the evidence standard, though the dismissal was indeed procedural, we would be more than happy to brief the issue at the Court's request. I would have welcomed trying this case if time, money and waste of resources were not a consideration.

  However, since Plaintiff submitted her own expert's opinion, it is worth noting that, even in her expert's opinion, she has no leg to stand on with respect to the disobedience element. Plaintiff's own expert acknowledges that the location claimed to be the violation of the order of protection was 656 feet from the closest corner of the tower where the apartment is located (cf. Plaintiff's apartment, which is even further away)(ECF 176-1 at p. 26 of 37). Plaintiff's own expert also acknowledges that the location claimed to be the violation is 747 feet from the only entrance to the tower where her apartment is located (*Id.*). Both measurements are too far to be violative of the CA order of protection.[2]

  The only possible way for Plaintiff to prove a violation is to show (regardless of the standard) that her "place of residence" is the Skyscraper Museum, which has an address of 39 Battery Place, New York, New York 10280 (*Id.*). The Court may take judicial notice of this address and zip code. The Court may also take judicial notice that Plaintiff does not live in a museum, the Skyscraper

---

[1] N.Y. Penal Law § 215.50(3) states: A person is guilty of criminal contempt in the second degree when he engages in any of the following conduct…(3) Intentional disobedience or resistance to the lawful process or other mandate of a court." To prove, a violation, not only must there have been disobedience, but it must have been intentional.

[2] The order of protection at issue, when it was in force and effect, required Defendant to stay "200 yards" (600 feet) away from Plaintiff's "place of residence" (ECF 176-1 at p. 21 of 37).

\*Licensed in New York, California, Illinois and Massachusetts

**FARBER SCHNEIDER FERRARI LLP**

Hon. Naomi Reice Buchwald, U.S.D.J.
March 11, 2022
Page 2 of 3

Museum or otherwise. Finally, the Court may take judicial notice that the Skyscraper Museum and Plaintiff's "place of residence" are in separate zip-codes (the museum is in 10280 while Plaintiff's residence is in 10004). Finally, had the criminal case gone forward, the Skyscraper Museum was under subpoena and was prepared to testify that it was not connected to the private residences. *See* Exhibit "1" attached. Indeed, under no standard were/are the People or Plaintiff going to prove the disobedience element.

Plaintiff also ignores the required element of intent. She does so because of the substantial testimony, *in this case*, already elicited (from Anna and Steve Fischer) that reflects the fact that Defendant did not drive to the complained of location (a popular tourist destination between World Financial Center and the Statue of Liberty ferry), did not choose it, and was not aware of its proximity to Plaintiff's apartment (which all experts agree is over 600 feet away from the complained of location). Plaintiff's central contention that Defendant, an England native and California resident who has been to New York City a handful of times should have known he was near Plaintiff's apartment is obliterated by Plaintiff's own fiancé. He volunteered on numerous occasions at his deposition that he has no concept of New York City geography despite the fact that he has lived in New Jersey his entire life. *See* Exhibit "B"[3] at e.g. 69:9-18 ("I still use my navigation device to get to [Plaintiff's] home. I literally do not know street names. To me, New York is New York."). Mr. Fini's reliance on the procedural dismissal argument is not borne out by the evidence.

Plaintiff also confuses the burdens at trial and entitlement to a preliminary injunction. While preponderance of the evidence is sufficient at trial for some of her claims and defenses, "Where the party [is] seeking [a preliminary] injunction, it must demonstrate irreparable harm should the injunction not be granted and a likelihood of success on the merits." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). "**Such relief, however, is an extraordinary and drastic remedy**, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Id.* (emphasis added).

No arguments made back on March 12, 2021 (ECF 9), submitted to this Court when Defendant was *pro se*, still apply. Success on the merits far from assured. Indeed, discovery has yielded no evidence favorable to any of her claims and none has been withheld by Defendant. Ms. Rosenstein (ECF 11) is not an example of lost business because she testified that she has no personal knowledge of the events, she still works with Plaintiff, and there was no appreciable gap. Furthermore, it warrants mention that Plaintiff has presented no evidence of "business" *from* Ms. Rosenstein—Plaintiff had and continues to give business *to* Ms. Rosenstein. Nor is there any evidence of outrageous conduct on the part of Defendant other than the word of Plaintiff who forensically sanitized her phone as determined by an unbiased District Attorney's Office. As a point of emphasis, there is no dispute that on December 23, 2020, the primary example provided by Plaintiff as outrageous conduct (ECF 9 at p.8), there is no dispute that there was no order of protection on that date and there is acknowledgement that the parties had an intimate moment where they kissed. *See* Exhibit "B" at 75:18-22; 79:17-80:3.

---

[3] In an abundance of caution, for privacy sake, only portions the deposition transcript are uploaded to ECF. The full transcript will be provided by email.

**FARBER SCHNEIDER FERRARI LLP**

Hon. Naomi Reice Buchwald, U.S.D.J.
March 11, 2022
Page 3 of 3

Nor does such an injunction cause irreparable harm to Plaintiff. She has forced her way into Defendant's presence on multiple occasions without the remotest of apprehension (e.g., the November 1 hearing where she was asked to leave (ECF 132-1)). Moreover, the substantial efforts of defense counsel throughout this case, to keep the parties apart over Plaintiff's objections, reflects the fact that Defendant is far more afraid of Plaintiff than vice-versa.

Indeed, the denial of Defendant's reciprocal request for a preliminary injunction and new developments warrant reconsideration of the findings made in granting a preliminary injunction in April 2021 (ECF 20). Accordingly, Fed. R. Civ. P. 60(b)(2) warrants relief from this prior order so that Defendant does not need to continue to live in fear of running into Plaintiff wherever he is, including in his hometown. We note that any mention of Fed. R. Civ. P. 60(b)(2) was absent from the Court's decision dated January 4, 2022 and therefore we hope that this issue remains pending.

Finally, this submission is required because Plaintiff's claim of Defendant withholding of any materials related to any prior back condition is simply false and should be ignored. Yesterday evening, we asked Plaintiff's counsel to "please let us know what documents or medical records you claim are being withheld from you, as we are aware of none." In response, Plaintiff's counsel failed to describe any materials being withheld or basis for his allegation that materials are being withheld, instead unprofessionally stating "don't act like you don't know." It should also not go unnoticed that her focus on claimed defects to Defendant's proofs are simply confirmation that she has none of her own.

As before, we respectfully request that based upon the new information, there is no entitlement to a preliminary injunction and therefore, it should be vacated. I thank the Court for its consideration.

Respectfully submitted,

FARBER SCHNEIDER FERRARI LLP

By: _____
Daniel J. Schneider

cc:  John Bostany, Esq.; Tom M. Fini, Esq.