**Catafago Fini LLP**
Attorneys at Law

One Grand Central Place
47th Floor
New York, NY 10165

tel: 212-239-9669   fax: 212-239-9688
www.catafagofini.com

March 14, 2022

**Via ECF**

District Judge Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

Re:   *Rachel Carol Filsoof v. Andrew J. Cole.*, Case No. 21-cv-1791-NRB
      Plaintiff's Letter Response to Defendant's March 11, 2022 Letter (Doc. 177)

Dear Judge Buchwald:

We represent the Plaintiff in the above-referenced action. We are writing in response to the Defendant's letter filed on March 11, 2022 (Doc. 177), which is in essence Defendant's fourth improper motion for reconsideration seeking to vacate the preliminary injunction entered on April 6, 2021 (Doc. 20) (the "Preliminary Injunction").

There can be no question that the Defendant's request to vacate the Preliminary Injunction is in effect the fourth improper motion for reconsideration. The Defendant's first request for reconsideration was on May 3, 2021, where Defendant's counsel unsuccessfully sought leave to reargue this Court's granting of the Preliminary Injunction. See Doc. 29.

The Defendant's second request for reconsideration was made on October 18, 2021 (Docs. 94-98), which was denied in an Order dated October 28, 2021, where the Court denied Defendant's emergency request to vacate the Preliminary Injunction based on grounds that were briefed on an expedited bases. (Doc. 111).

The Defendant's third request for reconsideration was made in a letter dated March 10, 2022 (Doc. 173), which yet again sought to vacate the Preliminary Injunction. In response that same day, the Court uploaded the January 4, 2022 Order (Doc. 174), in which the Court denied the separate grounds that Defendant argued entitled it to vacatur of the Preliminary Injunction, making it clear that the Court denied all relief.

Now, the Defendant has filed a fourth unauthorized motion for reconsideration to vacate the Preliminary Injunction. Doc. 177. While the Plaintiff will not respond to each inaccurate assertion made in the Defendant's latest attempt at reargument, the Plaintiff briefly addresses the most egregious assertions below.

First, the Plaintiff's expert Angelo Fiorenza clearly concluded that the Defendant was within 200 yards of the Plaintiff's apartment building when the Defendant took a photograph near the Plaintiff's home on or about March 2, 2021, and was thus in violation of the restraining order

that was then in effect. See the January 20, 2022 Affidavit of Angelo Fiorenza (Doc. 176-1). The Defendant makes the baseless argument that the Plaintiff's apartment unit should be viewed in isolation from the apartment building within which her apartment unit is contained -- as if the apartment unit floats independently in the air. If the Defendant wants to make that argument to a jury, he is free to do so, but this does not justify vacating the Preliminary Injunction.

Moreover, as set forth in the Fiorenza Affidavit, the Plaintiff's apartment building is a multi-use building, which contains an apartment building, a hotel, a restaurant and a museum. Thus, all of Defendant's references to living or not living in a museum are simply baseless arguments.

In any event, it is clear that there was ample support for the Preliminary Injunction. This Court need not have determined whether or not Defendant was exactly 200 yards from Plaintiff's home, and need not determine whether Defendant was committing a criminal act at the time. It was and is sufficient that it is not in dispute that Defendant somehow found himself extremely close to Plaintiff's home, when he lives in California and was posting photos both in front of her house and back of her house in January and March of 2021.

Another completely baseless assertion in the Defendant's letter is that the Plaintiff allegedly sought to be near the Defendant. See Doc. 177 at 3. To support that incorrect claim, the Defendant asserts that the District Attorney asked the Plaintiff to leave the courtroom during a November 1, 2021 court hearing in Mr. Cole's criminal case. However, the truth is that the District Attorney had expressly requested that the Plaintiff attend that very hearing in case the Plaintiff was needed to provide testimony, and in an email from the District Attorney the morning of the November 1, 2021 hearing, the District Attorney provided the Plaintiff with instructions as to the courtroom where the hearing would take place. See Exhibit A to the March 14, 2022 Declaration of Rachel Filsoof submitted herewith.

The only reason the Plaintiff was asked to leave the November 1, 2021 hearing is because, only after she was already instructed to attend, the Court later determined that there would not be testimony that day, so Plaintiff's presence was no longer needed at the November 1, 2021 hearing. This does not alter the fact that the District Attorney had previously expressly requested the Plaintiff to attend.

The Defendant's letter is riddled with many other inaccurate statements. For example, the Defendant mischaracterizes the deposition testimony of a number of nonparty witnesses. See Doc. 177 at 2. Plaintiff will not burden the Court with specific responses unless the Court authorizes the Defendant to make yet a fifth motion for reconsideration on the Preliminary Injunction.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Tom M. Fini
Tom M. Fini, Esq.