UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHEL CAROL FILSOOF, | : |
| Plaintiff, | : Case No.: 1:21-cv-01791(NRB) |
| v. | : |
| ANDREW J. COLE, | : |
| Defendant. | : |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF APPLICATION FOR RECONSIDERATON

Farber Schneider Ferrari LLP
By: Daniel J. Schneider
SDNY Bar: DS7366
Attorneys for Defendant
261 Madison Ave, 26th Floor
New York, New York 10016
(212) 972-7040
dschneider@fsfllp.com

Of Counsel:
    Daniel J. Schneider

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

STATEMENT OF RELEVANT FACTS ......................................................................................... 2

ARGUMENTS

    LEGAL STANDARDS ............................................................................................................. 4

    POINT I
    The Expected Testimony Is Relevant ................................................................................. 4

    POINT II
    While Admissibility Need Not Be Assured At This Stage, The Expected Testimony Has Admissible
     Purposes ................................................................................................................................ 9

        A.  Evidence Need Not Be Admissible To Be Discoverable .......................................... 9

        B.  The Expected Testimony Will Likely Be Admissible .............................................. 11

    POINT III
    The Application Should Have Been Denied For Want Of Standing ................................ 13

    POINT IV
    The Application Should Have Been Denied Because Until The Testimony Is Elicited, The Issue
    Is Not Ripe ............................................................................................................................ 14

    POINT V
    In The Event That The Court Affirms Its Prior Ruling, It Is Respectfully Requested That An
    Interlocutory Appeal Be Permitted ................................................................................... 15

CONCLUSION .................................................................................................................................. 16

**TABLE OF AUTHORITIES**

**CASES**

Brisco v. Ercole, 565 F.3d 80, 95 (2d Cir. 2009) ............................................................................ 4

Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1367
  (2d Cir. 1991) ............................................................................................................................ 8

Dollar v. Long Mfg., N. C., Inc., 561 F.2d 613, 618 (5th Cir. 1977) .......................................... 8

Huddleston v. United States, 485 U.S. 681, 685 (1988) .............................................................. 12

Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 23-24 (2d Cir. 1990) .................................. 15

Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 864 (2d Cir. 1996) ....................................... 15

La Belle v. Barclays Capital Inc., 19 Civ. 3800 (JPO) (GWG), at *2 (S.D.N.Y. Apr. 15, 2020) ........... 10

Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d. Cir 1975) ................................ 14

Petersen Energía Inversora S.A.U. v. Argentine Republic, 895 F.3d 194, 211-212
  (2d. Cir. 2018) .................................................................................................................. 15, 16

Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997) ..................................................... 8

Trump v. Vance, 941 F.3d 631, 642 n. 15 (2d Cir. 2019) .......................................................... 14

United States v. Barnason, 852 F. Supp. 2d 367, 374 (S.D.N.Y. 2012) .................................... 13

United States v. Brashier, 548 F.2d 1315, 1324 (9th Cir. 1976) ................................................. 5

United States v. Fell, 360 F.3d 135, 139 (2d Cir. 2004) ............................................................ 15

United States v. Mills, 895 F.2d 897, 907 (2d Cir. 1990) ...................................................... 7, 12

United States v. Weigand, 520 F. Supp. 3d 609, 615 (S.D.N.Y. 2021) .................................... 11

Weber v. United States Tr., 484 F.3d 154, 159 (2d Cir. 2007) .................................................. 15

Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 804 (S.D.N.Y. 2017) ........................ 10

Windsor Secs, LLC v. Arent Fox LLP, 273 F. Supp. 3d 512, 518 (S.D.N.Y. 2017) ............... 14

**STATUTES AND RULES**

Federal Rules of Civil Procedure Rule 6.3 ................................................................................... 4

Federal Rules of Civil Procedure Rule 26 ................................................................. 8, 9, 10, 11, 15

Federal Rules of Civil Procedure Rule 60 ................................................................................ 2, 4

Federal Rules of Evidence Rule 401 ............................................................................... 2, 5, 6, 7, 8

Federal Rules of Evidence Rule 402 ........................................................................................... 2

Federal Rules of Evidence Rule 403 ............................................................................... 1, 3, 5, 8

Federal Rules of Evidence Rule 404 ...................................................................... 1, 3, 5, 11, 12, 13

Federal Rules of Evidence Rule 607 .......................................................................................... 13

Federal Rules of Evidence Rule 608 ...................................................................................... 8, 13

Individual Rules of Practice of Hon. Naomi Reice Buchwald, U.S.D.J .................................... 4

United States Code Title 28  U.S.C. § 1292(b) ........................................................................... 2

**PRELIMINARY STATEMENT**

In February and/or March 2022, this Court has made two rulings on discovery. In the first, the Court determined that source of funding for defense costs was relevant to this case.[1] In the second, the Court determined that evidence was irrelevant and inadmissible, sight unseen, testimony by a former boyfriend[2] of plaintiff RACHEL CAROL FILSOOF ("Plaintiff") of prior similar conduct on the part of Plaintiff, of abuse, her propensity for dishonesty, defamation (on the same topics as alleged in the pleadings), false accusations against ex-boyfriends in a case where is alleged that Plaintiff has followed the same pattern and made false accusations against a more recent ex-boyfriend defendant ANDREW J. COLE ("Defendant") on the same topics (rape and abuse), about Plaintiff's modus operandi in romantic interpersonal relationships in a case about Plaintiff's conduct in interpersonal relationships. See Exhibit "M".[3]

The basis for the Court's decision was that it "[did] not discern any examples of subject matter that would be relevant and/or admissible under FRE 403 and 404." Id.

A review of Plaintiff's motion to quash puts very little focus on relevance. See Exhibit "D". Instead, the gravamen of Plaintiff's argument incorrectly asserted that Defendant was seeking to elicit details of Plaintiff's sex life and was solely seeking propensity evidence. It is respectfully submitted that a propensity argument concedes the relevance of the testimony and as a result, the relevance discussion in Defendant's opposition was not addressed in depth, since it addressed only the arguments put forth by Plaintiff. See Exhibit "F".

Defendant respectfully submits that the anticipated testimony of Plaintiff's ex-boyfriend, including the examples provided to the Court are relevant to the pleadings, and that is developed

---

[1] This ruling was oral made during a telephone conference. Since the follow up deposition has taken place, seeking relief from the first order is now moot.

[2] Plaintiff's ex-boyfriend shall not be referred to by name for privacy purposes and shall only be referred to "TH".

[3] References to exhibits are to those indexed in the accompanying Declaration of Daniel J. Schneider (the "Schneider Aff.") dated March 21, 2022.

1

herein. Accordingly, we request review of the Court's prior determination considering the relevance issue after full briefing, vacate pursuant to Fed. R. Civ. P. 60 and restore the TH subpoena. Alternatively, in the event that the Court affirms its prior ruling, we request that the Court provide permission to seek leave from the Circuit on an interlocutory basis pursuant to 28 U.S.C. § 1292(b) or any other applicable authority.

## **STATEMENT OF RELEVANT FACTS**

There is no dispute about the following, on or about February 25, 2022, Defendant served a subpoena on TH. See Exhibit "E". TH accepted service of the subpoena and provided dates for a deposition.

The defense has represented a good faith basis for the material to be elicited from TH being relevant to the case at bar and admissible. See Exhibit "H" at p. 2, third full paragraph. During the meet and confer process, the Defense addressed relevance to Plaintiff's counsel. On March 2, 2022, the undersigned asserted to Plaintiff's counsel the following:

> Finally, this testimony is clearly relevant. FRE 401 and 402. Ms. Filsoof has put her interpersonal romantic relationship into controversy, so her prior relationships are relevant and germane to her claims and defenses. We also believe this witness has knowledge of evidence that will be admissible at trial on a number of topics that will fall squarely into admissible categories including, but not limited to intent, absence of mistake, modus operandi, truthfulness and others. We have not noticed him for any purpose of seeking private information as you originally averred, and certainly not for any impermissible purpose as you have now pivoted to.

See Exhibit "O" at p. 3 of 15.

During the meet and confer process, the Defense became even more specific, providing a non-exhaustive list of categories that are relevant to the claims, counterclaims and defensive in this case. Defense counsel, Robert B. Lower, Esq. stated, also on March 2, 2022:

2

> I have been reliably informed, and as an officer of the Court bound by myriad ethical obligations, hereby inform you upon information and belief that [TH] has knowledge related to non-sexual topics for which we noticed him including without limitation:
>
> - Being defamed by Plaintiff
> - Plaintiff defaming Mr. Cole
> - Being a victim of emotional abuse by Plaintiff
> - Plaintiff's emotional abuse of Mr. Cole
> - Being a victim of physical abuse by Plaintiff
> - Plaintiff's physical abuse of Mr. Cole
>
> The foregoing non-comprehensive list of permissible and overwhelming independent bases for denying your threatened motion, taking this deposition, and proscribing (via TRO or otherwise) any further attempts by your firm to interfere with Mr. Cole's constitutional rights and/or [TH]. I hope this eliminates any desire by your firm or Plaintiff to interfere with [TH] or our ability to depose him.

See Exhibit "P".

Notably, TH's knowledge of the foregoing six categories of relevant information remains undisputed by Plaintiff. Similarly undisputed is fact that TH was never noticed for any testimony regarding Plaintiff's sexual proclivities, which the Defense has consistently assured Plaintiff.

Prior to the date of the deposition, on or about March 3, 2022, Plaintiff interposed an application to quash by letter motion. See Exhibit "D". This motion barely addressed relevance, instead only claiming that there were privacy issues and that the evidence sought was squarely propensity evidence. On March 7, 2022, Defendant submitted opposition to Plaintiff's letter motion, limiting his arguments largely to those set forth in Plaintiff's letter motion. See Exhibit "H".

On March 8, 2022, the Court entered an order quashing the subpoena holding that it "does not discern any examples of subject matter that would be relevant and/or admissible under FRE 403 or 404." See Exhibit "M". This determination was made on a summary basis, rejecting Defendant's ripeness and standing arguments, before the discovery had been elicited (and is, to date, only expected

testimony, to which we have a good faith basis for believing), and without any inquiry or dispute as to the witness' knowledge as described by the Defense. As a result, a motion for reconsideration and/or reargument is requested with relevance issues, which were largely overlooked in the underlying motion being fully briefed. This motion is timely under Local Rule 6.3. Moreover, leave for permission to bring this motion is not required. See Individual Rules of Practice of Hon. Naomi Reice Buchwald, U.S.D.J., Rule 2(B).

## ARGUMENTS

### STANDARD

Fed. R. Civ. P. 60(b)(6) necessitate review of the order decided on March 8, 2022 and reversal of same. See Exhibit "M". Fed. R. Civ. P. 60(b) states in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence…(6) any other reason that justifies relief." Local Rule 6.3 requires any such motion to be made within fourteen (14) days. It is respectfully submitted that the reason relief is justified is because since Plaintiff's motion to quash addressed such narrow issues, relevance was not fully briefed. Upon full briefing of relevance, which effects all of the other below issues, it is respectfully submitted that the Court should reconsider/grant reargument of its order, reverse and order that the deposition of TH go forward.

### POINT I

### THE EXPECTED TESTIMONY IS RELEVANT

The Defense respectfully submits that the record was not developed on the relevance of the potential testimony of TH and accordingly, reconsideration is requested on that ground. As an initial matter, propensity evidence is, by definition, relevant. See e.g. Brisco v. Ercole, 565 F.3d 80, 95 (2d Cir. 2009). Propensity evidence is defined by the Federal Rules of Evidence ("FRE") as "Evidence of

4

any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FRE 404(b)(1). Plaintiff's lengthy missives that anything TH could say would be nothing more than propensity evidence, constitutes a concession on the part of Plaintiff that she knows that the testimony sought to be elicited is, in fact relevant. See e.g. Exhibit "D" at pp. 2-3.

Next, while the testimony has not been elicited, the Defense again avers a good faith belief that TH possesses relevant knowledge. See Exhibits "F", "O" and "P". FRE 401 defines any fact as relevant if: "**(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action." As discussed by the Ninth Circuit, "Rule 401 speaks in terms of 'any tendency' to make the existence of any fact of consequence to the action more probable or less probable." United States v. Brashier, 548 F.2d 1315, 1324 (9th Cir. 1976). "A rule of thumb is to inquire whether a reasonable man might believe the probability of the truth of the consequential fact to be different if he knew of the proffered evidence." Id. at 1325.

Under the above construct, ignoring, for now, the purpose or use of such discovery,[4] the categories set forth above and annexed to the prior motion are inarguably relevant to this case. Each and every category has a "tendency to make the existence of [m]any fact[s] of consequence more probable or less probable." Id. at 1324.

Beginning with TH being defamed by Plaintiff, see Exhibit "P", evidence of Plaintiff's history of defaming prior boyfriends, including TH, is relevant to Defendant's counterclaims. Defendant has interposed a counterclaim for defamation. See Exhibit "B" at ¶¶ 195-197; 231-245. That Plaintiff has engaged in defamatory conduct in prior relationships would "ha[ve] any tendency to make [this] fact

---

[4] Whether such evidence is admissible is an entirely different matter. The prohibition against propensity evidence under FRE 404(b)(1) allows for the exclusion of relevant evidence because it is submitted for an improper purpose. FRE 403 provides other reasons to exclude relevant evidence. That such evidence is excludable has nothing to do with its relevance under an FRE 401 analysis. The analysis made hereunder simply relates to the relevancy of TH's expected testimony.

more or less probable than it would be without the evidence." FRE 401(a).[5]  In addition, "[Plaintiff's defamatory conduct] is of consequence in determining the action."  FRE 401(b). She is accused of defamation, so her history with defamatory conduct is certainly of consequence.

TH's knowledge of Plaintiff defaming Defendant is also relevant. See Exhibit "P". TH's knowledge relates directly with the defamation counterclaim. See Exhibit "B" at ¶¶ 195-197; 231-245. Defendant has averred a good faith basis that TH has knowledge of this and can provide detail as to how certain statements were defamatory. Id. at e.g. ¶ 196.  Such knowledge could not be more relevant.

With respect to TH being a victim of emotional abuse by Plaintiff and his knowledge of Plaintiff's emotional abuse of Defendant, see Exhibit "P", Defendant's counterclaims contain allegations of extreme and outrageous conduct—including, without limitation, rampant defamation and Plaintiff's campaign of false reports to utterly ruin Defendant's life—in support of a claim for intentional infliction of emotional distress. See Exhibit "B" at ¶¶ 120-124; 133-139; 141; 144-146; 160-161; 177-178; 185-186; 189; 192-198; 214-220.  With respect to outrageous conduct in connection with this case, we can add to it Plaintiff's punitive and successful attempt to secure Defendant's arrest at his deposition on September 14, 2021 (ECF 174), her punitive police reports filed all over the country making false claims years after the fact, despite her claims that she wants to move on with her life (ECF 105, *passim*), her conduct in training her boyfriends to comply with all of her demands and immediately apologize (without regard to fault) when she is upset, see Exhibit "J" at ¶¶ 3-4, and her now confirmed defamatory accusations of rape and/or abuse to third parties including Christopher Cope, Christopher Cope's wife, Louis Giordano and several others identified by Mr. Giordano at his deposition. See Transcript at 261:21-263:7.[6]

---

[5] While this description seems to indicate impermissible propensity evidence, whether there is an admissible purpose is another inquiry.  Here, with respect to relevancy only (as opposed to admissibility) the inquiry is simply whether the discovery would make a fact more or less probable.  Inarguably it does.

[6] On March 11, 2022, at 3:08 p.m., a full transcript of Mr. Giordano's deposition was submitted to chambers via email, but not recorded to the docket due to privacy concerns.

TH's knowledge of similar conduct including, without limitation, Plaintiff's defamatory allegations of rape and abuse by TH, see Exhibit "J" at ¶¶ 2-3; 6, would certainly "ha[ve] any tendency to make [Plaintiff's far-reaching efforts to destroy Defendant constitute outrageous conduct] more [] probable than it would be without the evidence." FRE 401(a). As the expected testimony relates to prior outrageous conduct, "[it] is of consequence in determining the action." FRE 401(b). Moreover, such evidence would reflect an absence of mistake, intent and Plaintiff's plan/modus operandi to destroy ex-boyfriends when she is finished with them. See United States v. Mills, 895 F.2d 897, 907 (2d Cir. 1990).

In addition, with respect to TH being a victim of physical abuse by Plaintiff and Plaintiff's physical abuse of Defendant, Defendant has interposed a counterclaim for battery. See Exhibit "B" at ¶¶ 135-136; 141; 145-147; 163-164; 204-213. Plaintiff's prior history of violence is certainly relevant to this claim. TH's knowledge of such violence against Defendant and himself would make the battery alleged by Defendant more probable[7] than it would be without the evidence, and the fact that such evidence is of consequence in determining the issue is beyond dispute. See FRE 401. Accordingly, it is relevant.

As a final point with respect to emotional and physical abuse, Defendant has alleged in his answer with counterclaims that "[Plaintiff] has been abusive to multiple men." See Exhibit "B" at ¶ 121. TH's testimony about emotional and physical abuse is directly relevant to this allegation that was intentionally made part of Defendant's case against Plaintiff. To preclude this testimony would provide a complete bar to Defendant's ability to prove one or more allegations he has interposed. Id.

Finally, Defendant's answer with Counterclaims is replete with allegations that Plaintiff has a poor character for truthfulness. See Exhibit "B" at ¶¶ 111, 118-120, 128, 159-160, 174, 195-197, 231-

---

[7] Again, while there are permissible purposes for this expected testimony, even if there were none, it does not change the relevance analysis as to whether certain evidence makes a fact in a pleading more or less likely.

245. Defendant asserted that TH's expected testimony was to be in part about Plaintiff's propensity to lie in order to further her purposes. See Exhibit "J" at ¶¶ 5-6. TH's testimony would be the best evidence of Plaintiff's engaging in a similar dishonest manner would therefore be both relevant under the legal construct set forth above and entirely admissible for such purposes. See FRE 401; 608.

None of the examples already provided are excludable under FRE 403. Being bad for Plaintiff's case is not the type of prejudice that was contemplated in that rule. "[U]nfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party…The prejudice must be unfair." Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997), quoting Dollar v. Long Mfg., N. C., Inc., 561 F.2d 613, 618 (5th Cir. 1977)(internal quotations omitted). "[F]or relevant evidence to be excluded on this basis, the imbalance must be substantial, and the prejudice must be unfair." Perry, 115 F.3d at 151. Plaintiff was the catalyst for this dispute. She accused Defendant of horrible, false crimes when she actually injured him. To prevent Defendant from presenting evidence that Plaintiff was, in fact the aggressor on topics that relate to the counterclaims interposed in this case would be fundamentally unfair and unduly prejudicial to Defendant—who is the real victim here.

This is a case about, among other things, Plaintiff's romantic relationships. See Exhibits "A" and "B" *passim*. It is difficult to fathom how she has acted in the past relationships would not tend to make certain allegations and claims herein more or less probable and would not be of consequence in determining the action. The discovery context, under Fed. R. Civ. P. 26, is much more expansive than what is admissible at trial. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991). It is an

"obviously broad rule that is liberally construed." Id. If there is "*any possibility*" that the information sought may be relevant to the subject matter of the action," it should be discoverable. Id.

All witnesses have knowledge of irrelevant and inadmissible topics. Allowing preemptive suppression of all responsive and admissible testimony for which a witness is notified on this basis, if allowed to stand, would constitute a gross deprivation of Defendant's constitutional rights.

Based upon the foregoing, the material sought from TH is relevant to not just the subject matter, but the counterclaims of Defendant and Plaintiff's character for truthfulness. All of these are squarely at issue in this case. Thus, the Court should permit the discovery be collected, see what it is, and pass on its admissibility at trial.

## POINT II

### WHILE ADMISSIBILITY NEED NOT BE ASSURED AT THIS STAGE, THE EXPECTED TESTIMONY HAS ADMISSIBLE PURPOSES

**A.   Evidence Need Not Be Admissible to Be Discoverable**

The Court also passed on admissibility prior to seeing what the discovery was on a summary basis and without inquiry. See Exhibit "M". We respectfully assert that the Court's underlying decision permitted Plaintiff to invoke trial admissibility standards to limit the scope of discovery and suppress patently relevant testimony that is likely to be admissible. Accordingly, reconsideration is requested on this ruling.

At this stage, "[i]t is not ground for objection that the information sought will be inadmissible at the trial." Id. Fed. R. Civ. P. 26(b)(1) states in relevant part, as added in the 2015 Amendments, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." The standard, especially post the 2015 Amendments is that discoverable material must be "relevant to any party's claim or defense." Id. Since it was removed in the 2015 Amendments, such material "need [not] be calculated to lead to the discovery of admissible evidence". Relevance should be deemed the

9

touchstone of this analysis. See Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 804 (S.D.N.Y. 2017).

The other material factor to be considered is with respect to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Defense has made clear that exclusion of this witness would likely prevent the ability of Defendant to corroborate his assertions as to Plaintiff's violence, outrageous conduct, and her defamatory and vindictive nature. We are currently aware of no other source for such highly relevant information. Accordingly, the proportionality of this avenue for discovery, which is not burdensome to either party to elicit (as it is at the Defendant's cost), see La Belle v. Barclays Capital Inc., 19 Civ. 3800 (JPO) (GWG), at *2 (S.D.N.Y. Apr. 15, 2020), tips conclusively in favor of collecting the discovery.

The bottom line is this, Plaintiff has sought, and thus far, succeeded to suppress evidence she knows is not in her favor. This is an insufficient excuse to at least elicit the evidence and judge it on its content, not on the speculation of what it might be. Therefore, the Court should entertain reargument/reconsideration and permit the deposition of TH to go forward, then rule on is admissibility at trial.

Admissibility was the gravamen of Plaintiff's motion to quash. See Exhibit "D". She presented arguments for suppression that amount to that: (a) Defendant is seeking to elicit testimony about Plaintiff's prior sex life (presumably asserting a privacy right—see standing section, *infra*); and (b) Defendant is seeking only propensity evidence. Id. Both prognostications are about the potential testimony are purely speculative since no testimony has yet been elicited. Id. Moreover, there is nothing in Defendant's attempts to collect discovery which would thwart preclusion efforts at the appropriate time: trial.

Plaintiff's propensity evidence arguments are misplaced. First, no case cited by Plaintiff in her motion to quash discusses the discoverability of propensity evidence, only admissibility. See Exhibit

"D". It illustrates the point that the testimony should be gathered and scrutinized for admissibility at trial. Second, unless Plaintiff knows what TH is going to say, then the claim that the testimony will be solely propensity evidence is purely speculative and cannot form the basis of a challenge. If Plaintiff does have inside information, she should let the Court know.

If she has no such information, this District does not quash subpoenas based upon speculative objections. United States v. Weigand, 520 F. Supp. 3d 609, 615 (S.D.N.Y. 2021). Until the discovery is elicited, Plaintiff is just speculating and the discovery should be collected. Third, the propensity argument, even if applicable, is misplaced since there are several undisputed permissible bases for seeking TH's testimony.

Finally, Plaintiff impugns purposes for this witness upon Defendant that lack any basis in fact, Defendant's representations, or Fed. R. Civ. P. 26 disclosures (*see* ECF 159-6 and Exhibit 2). That being said, we represent, as we have consistently, that details of Plaintiff's prior sexual history and propensity evidence are not the foci of any expected testimony.

There is no articulable injury or prejudice from the collection of this discovery. Accordingly, the Court should not suppress evidence that is only adverse to Plaintiff's case, and certainly not prior to collection, especially when a less severe restriction could have been imposed, e.g., limiting or even prohibiting questioning of TH regarding Plaintiff's prior sexual history.[8]

**B.      The Expected Testimony Will Likely be Admissible**

There are several permissible purposes that can already be articulated, sight unseen, for TH's testimony. "Federal Rule of Evidence 404(b)—which applies in both civil and criminal cases—generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the

---

[8] This limitation was offered to Plaintiff in the meet and confer process and was rejected. ECF 159-7 and 159-8. Defendant, at this time would continue to be willing to consent to this limitation should the Court order it. *Cf.* Hughes v. Twenty-First Century Fox, Inc., 327 F.R.D. 55, 56 (S.D.N.Y. 2018).

11

actor's character, unless that evidence bears upon a relevant issue in the case." <u>Huddleston v. United States</u>, 485 U.S. 681, 685 (1988). FRE 404(b)(2) provides specific permissible categories that for which TH's testimony may be used. They include "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." <u>Id.</u> As discussed above, we have a sufficient belief that the testimony will fall in more than one of those categories.

An included use is intent. Plaintiff has claimed innocent explanations for all allegations of wrongdoing against her especially as it relates to her ability to tell the truth (e.g., her grooming of boyfriends to be compliant, her ever changing story that led to the dismissal of the Mariposa criminal case, including her explanation for Defendant "accidentally" breaking his own back, her forensically sanitizing her phone as determined by a governmental agency that was working to advance her case, her campaign of false accusations against her exes, her innocent denials regarding Defendant's September 14, 2021 orchestrated arrest and her invocation of her age to convey innocence in her declaration submitted here (<u>See</u> Exhibit "G" at ¶ 3)). "Under Rule 404(b), relevant evidence of 'other crimes, wrongs, or acts' may be admitted at trial to show that [Plaintiff] who claims that [her] conduct had an innocent explanation had the intent to commit the [acts alleged in and appurtenant to Defendant's answer]." <u>United States v. Mills</u>, 895 F.2d 897, 907 (2d Cir. 1990). The testimony sought will reflect Plaintiff's intent to a) groom Defendant during the relationship; and b) to destroy him once the relationship was over. We believe that the testimony will show a lack of accident of Plaintiff's punitive measures and subsequent gaslighting.

Another permissible use is modus operandi. <u>Id.</u> We have sufficient belief that Plaintiff's efforts to verbally, physically and emotionally break down her partners is so similar "in method as to earmark them as the handiwork of the [Plaintiff]." <u>Id.</u> "Rule 404(b) permits evidence of similar acts to prove" such similar conduct. <u>Id.</u> While the testimony has not been elicited yet, our belief is one that

12

the deposition should go forward and objections to admissibility should be made at such time as the testimony is not speculative.

We also have a good faith belief of Plaintiff's knowledge, absence off mistake/accident, preparation and plan will be present. We believe that the testimony will make it more likely than not that Plaintiff's conduct is no accident or mistake and therefore, the discovery is, at minimum, collectable.

In addition, as discussed above, Plaintiff's character for truthfulness is at the center of this case. "In addition to being relevant with respect to … state of mind and [] propensity, evidence of [prior bad acts are] also relevant to the credibility of potential witnesses." United States v. Barnason, 852 F. Supp. 2d 367, 374 (S.D.N.Y. 2012). "Courts have previously held that evidence of prior sex crimes can be admitted to bolster or undermine witnesses' credibility." Id. To the extent that TH presents character evidence of Plaintiff, we have sufficient belief that it will be largely geared toward her absence of integrity and her character for truthfulness. Fed. R. Evid. 404(a)(3) and 608(a). Moreover, we are entitled to challenge Plaintiff's credibility under Fed. R. Evid. 607.

All of the foregoing are widely-recognized purposes for use of the expected testimony that are also permissible under the Rules. Holding otherwise places Defendant at an unfair disadvantage in his ability to establish his counterclaims.

## POINT III

### THE APPLICATION SHOULD HAVE BEEN DENIED FOR WANT OF STANDING

In granting Plaintiff's motion to quash, though not addressed in the decision, see Exhibit "M", the Court necessarily ruled that Plaintiff had standing to bring this challenge, Plaintiff has presented no permissible purpose for challenging this non-party witness subpoena or deposition (at Defendant's cost). "In the absence of a claim of privilege a party usually does not have standing to object to a

13

subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d. Cir 1975). Plaintiff has not and cannot assert a claim of privilege. Accordingly, Plaintiff lacked standing to suppress this testimony.

Privacy interests may present another exception to the general rule set forth in Langford. See Trump v. Vance, 941 F.3d 631, 642 n. 15 (2d Cir. 2019). Plaintiff's claim is that Defendant is seeking Plaintiff's sexual history. See Exhibit "D". Notwithstanding the fact that the subpoena in Trump is for documents and not for testimony, once again Plaintiff has not raised any *bona fide* privacy interest. She acknowledges Defendant is not seeking testimony about sexual proclivities, but about interrelationship with boyfriends historically, which she has put into controversy. Therefore, she cannot claim a privacy interest in TH's knowledge. See e.g. Windsor Secs, LLC v. Arent Fox LLP, 273 F. Supp. 3d 512, 518 (S.D.N.Y. 2017). Plaintiff does not have a privacy interest in wrongdoing, see Trump, 941 F.3d at 642, verbal or physical abuse, defamation, or her character for truthfulness. In Trump, the Court flatly rejected Trump's privilege and privacy arguments that sought records of wrongdoing. Plaintiff's other cases in this regard, where privacy was sustained, related to elicit sexual material that Plaintiff acknowledges in her letter motion is not sought here. Even considering Plaintiff's cases, Plaintiff has no privacy interest sufficient to quash this testimony. Accordingly, the Court should have held that Plaintiff had no standing to make this challenge and rejected it.

## POINT IV

### THE APPLICATION SHOULD HAVE BEEN DENIED BECAUSE UNTIL THE TESTIMONY IS ELICITED, THE ISSUE IS NOT RIPE

As a final substantive matter, Plaintiff's complaints about evidence that has not even been elicited is not ripe. "At the core of the ripeness doctrine is the necessity of ensur[ing] that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III of

14

the U.S. Constitution." United States v. Fell, 360 F.3d 135, 139 (2d Cir. 2004). Indeed, where "the injury is merely speculative and may never occur," it is premature for review. Id.

In this case, admissibility need not be addressed at this stage. As discussed above, Fed. R. Civ. P. 26(b)(1) states in relevant part, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Accordingly, the injury is only speculative. In order for it to ripen, the Court should allow the collection of the discovery and make decisions as to admissibility for trial.

## POINT V

### IN THE EVENT THAT THE COURT AFFIRMS ITS PRIOR RULING, IT IS RESPECTFULLY REQUESTED THAT AN INTERLOCUTORY APPEAL BE PERMITTED

Finally, in the event that the Court affirms its prior ruling, it is respectfully requested that the Court grant a right to seek an interlocutory appeal from the Circuit.

> Interlocutory orders that are otherwise non-appealable, however, may be reviewed under 28 U.S.C. § 1292(b) if the district court is of the opinion that [the relevant] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Petersen Energía Inversora S.A.U. v. Argentine Republic, 895 F.3d 194, 211-212 (2d. Cir. 2018).

"Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to rule on . . . ephemeral question[s] of law that m[ight] disappear in the light of a complete and final record." Weber v. United States Tr., 484 F.3d 154, 159 (2d Cir. 2007) quoting Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 864 (2d Cir. 1996). "Congress also sought to assure the prompt resolution of knotty legal problems." Weber, 484 F.3d at 159 citing Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 23-24 (2d Cir. 1990) (resolution of complicated legal questions, while perhaps not essential to litigation of particular case, might ease court congestion).

15

In this case, TH is an important witness that is we believe involves "a controlling question of law [relevance, admissibility, standing and ripeness in the discovery context] as to which there is a substantial ground for difference of opinion." <u>Argentine Republic</u>, 895 F.3d at 211-212. Moreover, we believe that the outcome of this question is so vital such that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." <u>Id.</u> Accordingly, we respectfully request, in the event the Court does not disturb its prior order, that it permit Defendant the right to request leave from the Circuit without awaiting the ultimate outcome of the case.

## **CONCLUSION**

In light of the foregoing, it is respectfully submitted that any impairment of our ability to depose this witness would constitute a gross deprivation of Defendant's constitutional rights and his ability to assert a defense. Therefore, we request that the Court grant reargument/reconsideration, and upon doing so, deny the quashing of TH's subpoena and permit his deposition to go forward, together with such other and further relief as the Court believes is just and proper.

Dated: New York, New York
       March, 21, 2022

By: _____
     Daniel J. Schneider
SDNY Bar: DS7366
Farber Schneider Ferrari LLP
Attorneys for Defendant
261 Madison Ave, 26th Floor
New York, New York 10016
(212) 972-7040
dschneider@fsfllp.com

16