UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
RACHEL CAROL FILSOOF,

              Plaintiff,

      - against –

ANDREW J. COLE,

              Defendant.
-------------------------------X

**ORDER**

21 Civ. 1791 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


    Presently before the Court is defendant's motion to vacate the preliminarily injunction entered against him on April 6, 2021. ECF No. 20.  Because there has been some confusion about the status of defendant's vacatur request, a brief summary of the background is warranted.  On October 18, 2021, defendant filed a motion for sanctions plus a multitude of other forms of relief – including a request to vacate the April 6 preliminary injunction – to remedy plaintiff's orchestration of defendant's arrest at his own deposition in September 2021.  ECF No. 94.  One portion of defendant's motion, which sought a preliminary injunction against plaintiff, was briefed on an expedited basis and was subsequently denied in a Memorandum and Order dated October 28, 2021.  ECF No. 111.  After the remainder of the motion was briefed, the Court

entered a Memorandum and Order dated January 4, 2022[1] denying defendant's request for sanctions as well as almost all of the other forms of relief sought.[2]  ECF No. 174.  That Memorandum and Order did not address defendant's request, pursuant to Federal Rules of Civil Procedure 60(b)(2), (3), and (6), to vacate the April 6 preliminary injunction against him.

On March 10, 2022, defendant filed a letter informing the Court that the one remaining criminal case pending against defendant in New York state court had been dismissed[3] and reiterating his request to vacate the preliminary injunction against him.  ECF No. 173.  This spurred a flurry of letters filed on the docket, with each side jockeying for the final word.  ECF Nos. 176, 177, 181, 182, 183, 185.  Given the amount of ink already spilt on this issue, and in light of the fact that defendant's vacatur request originates from a motion that was already fully briefed, plaintiff's recent request for another round of briefing is denied.  Enough is enough.

Turning to the merits of defendant's vacatur request, a major predicate for this Court's issuance of the preliminary injunction

---

[1] Due to an administrative error, the Memorandum and Order was not filed on the docket until March 10, 2022.

[2] Specifically, the Court denied defendant's requests for relief under Federal Rules of Civil Procedure 11, 30, 37(b) and 67, and 28 U.S.C. § 1927.

[3] The other criminal case against defendant, which was brought in California state court, had previously been dismissed in the interests of justice on the motion of the Mariposa District Attorney's Office.  See ECF No. 96-8.

was the existence of the then-pending criminal cases against defendant and the related protective orders issued therein.  See ECF Nos. 7-1, 55-2.  As of today, both criminal cases have been dismissed and the protective orders vacated.  See ECF Nos. 54-1, 173-1.  The predicate for the preliminary injunction is thus gone.[4] As far as the Court is aware, since the issuance of the preliminary injunction, defendant has not violated its terms or taken any new action that would warrant its continued existence.  Indeed, were plaintiff to seek such an order in the first instance today, there would be no basis to grant the requested relief.  Moreover, the Court is mindful of its aforementioned decision denying defendant's request for a mirror-image injunction against plaintiff.

In light of these considerations, there does not appear to be any reason to continue this extraordinary relief.  Accordingly, defendant's request to vacate the preliminary injunction against him is granted.  Of course, should there be any wrongful conduct in the future that requires a remedy, the parties are free to reapply for injunctive relief.

---

[4] The Court is aware that the criminal cases were not dismissed on the merits, but that fact has no bearing on the Court's present determination.

The Clerk of Court is respectfully directed to vacate the preliminary injunction order filed at ECF No. 20.

Dated:    New York, New York
          March 22, 2022

                                    _____
                                         NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

-4-