```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
RACHEL CAROL FILSOOF,

                Plaintiff,                MEMORANDUM AND ORDER

           - against -                    21 Civ. 1791 (NRB)

ANDREW J. COLE,

                Defendant.
-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This Memorandum and Order addresses plaintiff's motion to compel discovery (ECF Nos. 154, 178) and defendant's motion to compel discovery (ECF No. 186). The Court's rulings follow:

| Plaintiff's Motion to Compel Discovery ||
|---|---|
| Discovery Request | Ruling |
| Doc. Request 21 (3rd Set of Doc. Requests) | Defendant is directed to clarify by Bates numbers the documents that are responsive to this request and confirm that all responsive documents have been produced and none withheld on the basis of any privilege. |
| Doc. Request 26 (3rd Set of Doc. Requests) | Denied. |
| Doc. Requests 4, 5 (3rd Set of Doc. Requests) | A formal stipulation signed by defendant and defendant's counsel stipulating that they will not use Files 4 and 5 in any manner whatsoever in this litigation will suffice to resolve these requests and Request to Admit 1. |
| Request to Admit 1 | See ruling on Document Requests 4 and 5. |
| Doc. Request 6 | Defendant's "Further Response" is sufficient. |

| Plaintiff's Motion to Compel Discovery ||
|---|---|
| Discovery Request | Ruling |
| Doc. Requests 7, 8, 9, 10, 13, 15-17, 23 | To be sufficient, defendant's response to each of these requests must include a statement that all responsive documents have been produced. Bates numbers must be provided for all responsive documents. And defendant must state unequivocally that <u>no</u> documents are being withheld on the basis of any assertion of privilege. A statement that defendant is "unaware" of such withholding is obviously inadequate as withholding is a known fact that can be admitted or denied. |
| Doc. Request 11 | While unnecessarily argumentative, defendant's response is adequate. |
| Doc. Requests 11-13 (4th Set of Doc. Requests) | Denied. If plaintiff wishes to pursue these areas of inquiry, such investigation must be done at plaintiff's expense and by a neutral and reputable expert. |
| Doc. Requests 1-2. (4th Set of Doc. Requests) | The directions set out above with respect to Document Requests 7 <u>et al.</u> are equally applicable. In addition, defendant should clarify the time period that is the predicate of his response. |
| Doc. Request 9 (4th Set of Doc. Requests) | Denied. |
| Doc. Request 10 (4th Set of Doc. Requests) | Appears moot based on defendant's answer to Document Request 9. |
| Doc. Request 3 (4th Set of Doc. Requests) | Any claim of lost earnings must begin with an earlier period of earnings to provide a basis of comparison. The parties need to agree on the relevant years for comparison. If they cannot agree, the Court will determine the years for comparison after the parties provide earnings data to the Court. |
| Doc. Requests 4-8 (4th Set of Doc. Requests) | Once again there is no clarity in the response that <u>all</u> responsive documents have been produced and no clarity that <u>no</u> documents have been withheld on the basis of an assertion of privilege. Both clarifications should be provided, if accurate. |
| Interrog. 4 (2nd Set of Interrogs.) | Defendant should clarify that the accounts listed are <u>all</u> the accounts that are responsive to the interrogatory. |

| Plaintiff's Motion to Compel Discovery ||
|---|---|
| Discovery Request | Ruling |
| Interrog. 4 (2nd Set of Interrogs.) | Defendant shall fully and completely answer this interrogatory. His failure to do so will preclude him from offering evidence in support of a claim that a business employer stopped working with him because of acts of the plaintiff. |

\*\*\*

| Defendant's Motion to Compel Discovery ||
|---|---|
| Discovery Request | Ruling |
| Doc. Request 1 | Denied. The March 2, 2022 letter and filing of April 7, 2022 (ECF No. 203) are sufficient. |
| Doc. Request 36 | The Court directs plaintiff to submit her unredacted tax returns *in camera* to avoid any continued controversy on this subject. |
| Request to Admit 1 | Plaintiff should admit. She does not literally live in a museum. The legal issue is entirely separate. |
| Request to Admit 6 | Denied. |
| Request to Admit 8 | Denied. |
| Request to Admit 10 | Denied. |
| Request to Admit 12 | Denied. |

As the Court's rulings demonstrate, these motions would have been unnecessary if counsel had conducted themselves in a more professional manner. The inclusion of any kernel of a meritorious argument in the briefing was in danger of being obscured by the amount of irrelevant invective. Indeed, the constant bombardment of the Court with such irrelevant invective makes defendant's frequent refrain about the imposition on counsel's time and his

-3-

client's resources ring hollow.  Counsel are reminded once again, as the Court did early on, about the need to maintain objectivity and a professional distance from their clients.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 154, 178, and 186.

**SO ORDERED.**

Dated:   New York, New York
         April 27, 2022

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE