**Catafago Fini LLP**
Attorneys at Law

One Grand Central Place
47th Floor
New York, NY 10165

tel: 212-239-9669   fax: 212-239-9688
www.catafagofini.com

April 28, 2022

**Via ECF**

District Judge Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

Re:   *Rachel Carol Filsoof v. Andrew J. Cole*., Case No. 21-cv-1791-NRB
       Plaintiff's Response and Cross-Motion to Defendant's April 27, 2022 Letter Motion

Dear Judge Buchwald:

We represent Plaintiff Rachel Filsoof in the above-referenced action. We are writing in response to Defendant's April 27, 2022 letter motion (Doc. 214) requesting leave to conduct depositions after the current fact discovery deadline of April 29, 2022. As set forth below, not only should these multiple depositions be permitted to take place after April 29, 2022, but we respectfully submit that the Court should extend the fact discovery deadline by 30 days because (a) the parties need time to comply with the Court's discovery orders of yesterday (Doc. 215); (b) the schedule of multiple third parties require that depositions take place in May; and (c) it is likely that a motion to compel will be necessary with respect third-parties Office of District Attorney County of Madera and Derek LaFontaine.

First, during an April 19, 2022 meet and confer, Plaintiff's counsel proposed to Defendant's counsel that the April 29, 2022 fact discovery deadline should be extended, including because the schedules of third parties required that multiple depositions be taken in May 2022, as well as the fact that the Court was about to enter discovery orders that would require compliance by the parties. See Exhibit A hereto. The Defendant's counsel refused to agree. See Exhibit B. Yet now, rather than cooperate with Plaintiff and submit a consent-to proposed schedule, Defendant's counsel has made a unilateral but insufficient application, and has forced Plaintiff's counsel to make this separate application.

Second, the Court just yesterday entered a detailed discovery order (Doc. 215) that the parties need to study and then comply with over the next few weeks.

Third, Defendant also admits in the footnote to his letter (Doc. 214 footnote 1), that two days before the April 29, 2022 deadline for fact discovery, for the first time he disclosed a brand new witness in this action. See Exhibit C hereto. Plaintiff likely now needs to depose this witness, which is another reason why more time is needed for fact discovery.

Fourth, it is likely that a motion to compel will be necessary to require the Office of the District Attorney, County of Madera (the "District Attorney") and one of its employees (Derek

LaFontaine), to comply with a subpoena that it has thus far objected to. Both parties in this case issued subpoenas to the District Attorney and Mr. LaFontaine regarding Mr. LaFontaine's conclusory assertion in one document that the Plaintiff's phone was purportedly "forensically sanitized" -- in the very same document that Mr. LaFontaine contradicts himself and refers to extraction of messages from the phone. In fact, Plaintiff's cell phone was not sanitized at all, as evidenced by the thousands of texts and other information produced by the Plaintiff in this case. Moreover, Plaintiff's computer forensics expert (Consilio) has determined in an unrebutted expert declaration that Plaintiff's cell phone was in no way whatsoever wiped or sanitized. See Exhibit D hereto.

Because the Defendant has made it clear that he intends to use Mr. LaFontaine's unsupported and conclusory assertion that Plaintiff's phone was somehow "sanitized," the Plaintiff is clearly entitled to discovery as to the basis of Mr. LaFontaine's assertion. It would be completely unfair for the Defendant to be able to use Mr. LaFontaine's conclusory assertion against the Plaintiff, while not permitting the Plaintiff discovery as to the basis for this incorrect assertion. While we believe that Mr. LaFontaine's assertion is not relevant and will ultimately not be admissible at trial for many reasons, this does not alter the fact that, since the Defendant is intent on trying to use the conclusory assertion against the Plaintiff, the Plaintiff is entitled to discovery on this issue.

The Plaintiff needs time to meet and confer with the District Attorney's Office regarding its objections, including its improper assertion of an investigatory privilege. This privilege does not apply in this case for many reasons, including that: (a) the District Attorney has clearly waived any such privilege by already disclosing many investigatory materials, including the May 12, 2021 document written by Mr. LaFontaine, which incorrectly asserts that Plaintiff's phone was "sanitized"; (b) the investigation is closed and thus no disclosure will hamper any investigation; (c) the District Attorney cannot meet the specificity required to invoke the privilege; (d) the District Attorney has not produced a privilege log; and (e) if truly necessary, the Court can balance any legitimate concerns of the District Attorney by entering a protective order and sealing order that would allow the parties and the Court to review any sensitive materials regarding the so-called "sanitizing" of Plaintiff's cell phone, without disclosing such to the public. *See e.g., Kitevski v. City of New York*, 2006 WL 680527, at *3-5 (S.D.N.Y. Mar. 16, 2006) (holding that investigatory privilege did not apply and was waived because of the failure of the City of New York to "to provide a privilege log" "identifying the subject matter of each document with specificity, and a document-by-document explanation of the relationship between the information contained in the document and the grounds on which the privilege is asserted"); *Keweenaw Bay Indian Community v. Khouri*, 2018 WL 11370741, at *1 (W.D. Mich. Jul. 27, 2018) (holding that investigatory privilege did not apply because certain documents "intertwined" with the "state criminal cases" were already produced); *Sterling Merchandising, Inc. v. Nestle, S.A.*, 470 F.Supp.2d 77, 85 (D. Puerto Rico 2006) (holding that investigatory privilege was waived because of "partial disclosure of the information requested by the subpoena").[1]

---

[1] The District Attorney also objected that the subpoena allegedly did not provide a reasonable time for compliance. However, we provided them 14 days for compliance which is reasonable. *See e.g., Securitas Electronic Security, Inc. v. DeBon*, 2021 WL 639071, at *4 (S.D.N.Y. Feb. 18, 2021) (denying motion to quash where party provided 14-day period for compliance with subpoena). In any event, we remain willing

In any event, if the District Attorney's Office does not withdraw its improper objections, the Plaintiff will promptly be making a motion to compel, and the Court will need time to rule on such motion. Thus, the Plaintiff needs time to meet and confer with the District Attorney's Office and to make the motion to compel if necessary. This is yet another reason why, respectfully, an extension of time for fact discovery is necessary.

Finally, the Defendant's counsel ends his letter by once again making unfair ad-hominem attacks against Plaintiff's counsel, and citing alleged discovery violations, while seeking no relief. While it is true that I did suffer laryngitis one day which required one of the many depositions in this case to be postponed, this is not something that the Defendant's counsel should be harping on. As for alleged document disclosure deficiencies, Defendant's counsel distorts matters. The bottom line is that all the relevant documents were produced in time for depositions, which is why Defendant seeks no formal relief. It is not helpful for the Defendant to simply lob into the letter conclusory allegations aimed just at sniping. Unless a formal motion is made, we respectfully request that the Court ignore the personal attacks, and we will refrain from taking up each invalid point at this time, since no relief is sought by Defendant's counsel in his final sniping paragraph.

In light of the above, Plaintiff's counsel respectfully submits that all discovery deadlines in this action be extended 30 days such that:

(a) The deadline for all fact discovery (currently set for 4/29/2022) shall be extended to 5/31/2022, and for such time as necessary to deal with the anticipated motion to compel against the District Attorney's Office;

(b) The deadline for both parties to serve initial expert reports as to issues for which any party has the burden of proof (currently set for 6/29/2022) shall be extended to 7/29/2022;

(c) The deadline for both parties to serve rebuttal expert reports (currently set for 7/29/2022) shall be extended to 8/30/2022; and

(d) The deadline for the completion of expert discovery, including expert depositions, (currently set for 8/23/2022) shall be extended to 9/23/2022.

Respectfully submitted,

/s/ Tom M. Fini
Tom M. Fini, Esq.

cc:   all counsel of record (via ECF)

---

to meet and confer with the District Attorney, including by cooperating as to timing for its compliance with the subpoenas.