UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
RACHEL CAROL FILSOOF,

           Plaintiff,

    - against –

ANDREW J. COLE,

           Defendant.
------------------------------X

**MEMORANDUM AND ORDER**

21 Civ. 1791 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    On March 9, 2022, this Court entered an Amended Memorandum and Order granting plaintiff's motion to quash a subpoena directed to a non-party witness, one of plaintiff's ex-boyfriends.[1]  Mar. 9, 2022 Memorandum and Order, ECF No. 172 ("Order").  On March 21, 2022, defendant filed a motion for reconsideration of that ruling. ECF No. 189.  Plaintiff filed an opposition to the reconsideration motion on April 4, 2022, ECF No. 200, and on April 22, 2022, defendant filed his reply, ECF No. 212.

    "The standard for granting [] a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021).   "The decision to grant or deny a motion for

---

[1] The original version of this Order, entered on the previous day, included a reference to the witness' full name.  To protect the witness' privacy, that version was sealed and the amended version removing the reference to his name was filed.

reconsideration rests within 'the sound discretion of the district court.'"  Coventry Capital US LLC v. EEA Life Settlements Inc., 439 F. Supp. 3d 169, 175 (S.D.N.Y. 2020) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

Defendant's motion for reconsideration is meritless.  Rather than point to any controlling law overlooked by the Court or newly discovered evidence, defendant argues that reconsideration is warranted because the briefing on the motion to quash did not squarely place before the Court the issue of relevance.  As an initial point, this argument erroneously presumes that the Court's decisions are driven solely by the arguments or authorities advanced by counsel.  Even more importantly, simply reading the Order reveals that the Court considered — and rejected — defendant's exact point. The central paragraph of the Order states:

> "**While the Court is fully aware that the scope of discovery is not coterminous with admissible evidence, discovery is nevertheless limited to relevant evidence.**  Fed. R. Civ. P. 26(b)(1).  In this regard, the Federal Rules of Evidence are instructive.  See, e.g., Hughes v. Twenty-First Century Fox, Inc., 327 F.R.D. 55, 58 (S.D.N.Y. 2018).  Having carefully read defendant's submissions, the Court does not discern any examples of subject matter that would be relevant and/or admissible under FRE 403 and 404.  In addition, the Court is mindful of the concerns that support the issuance of a protective order under FRCP 26(c) and the ability to terminate or limit a deposition under FRCP 30(d)(3).  Accordingly, the motion to quash the subpoena is granted."

Order at 1 (emphasis added).  Accordingly, defendant's motion for reconsideration is nothing more than an impermissible attempt at a "second bite at the apple."[2]  Gustavia Home, LLC v. Rice, 724 F. App'x 87, 88 (2d Cir. 2018) (citation omitted).

    While on a motion for reconsideration the Court need not rehash the merits of recycled arguments, it is worth emphasizing that defendant still has not established that the testimony of this witness is discoverable.  Federal Rule of Civil Procedure 26(b)(1) does not authorize a discovery free-for-all, and defendant must do more than "aver[] a good faith belief that [the witness] possesses relevant knowledge."  Defendant's Memorandum of Law in Support of Application for Reconsideration at 5, ECF No. 191 ("Def. Br.").  Notably, defendant's submissions on this motion and on the motion to quash, which total more than sixty pages, are utterly devoid of any factually analogous case law establishing the relevancy of the testimony purportedly attributable to an ex-romantic partner.  In particular, defendant offers no support for the argument that evidence may be discoverable to establish a "modus operandi in romantic interpersonal relationships."  Def.

---

[2] While defendant maintains that the Court did not explicitly address plaintiff's standing to challenge the subpoena, our finding on that issue was implicit in our decision.  In any event, to put the issue fully to rest, the Court points to Hughes v. Twenty-First Century Fox, Inc., 327 F.R.D. 55 (S.D.N.Y. 2018), in support of our implicit, and now explicit, ruling that plaintiff has standing to object to the subpoena at issue.

Br. at 1.  Nor has defendant submitted a formal offer of proof to support his claim of relevancy.  Furthermore, defendant's insistence on deposing this witness is puzzling, since it exposes a presumably "friendly" witness to cross-examination, thus leading to the question of whether the real reason for pressing this deposition is preservation of testimony.

For the foregoing reasons, defendant's motion is denied.  The Court also denies defendant's request to certify this ruling for interlocutory appeal under 28 U.S.C. § 1292(b).  Section 1292(b) provides that a district court may certify an order for interlocutory appeal if the court determines that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "[I]nterlocutory appeal is a rare exception where, in the discretion of the district judge, it may avoid protracted litigation." Century Pac., Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (internal quotation marks and citation omitted).  Defendant has not remotely satisfied this standard.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 189.

**SO ORDERED.**

Dated:   New York, New York
         May 2, 2022

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE