**CATAFAGO FINI LLP**

*Attorneys at Law*

One Grand Central Place
47th Floor
New York, NY 10165

tel: 212-239-9669   fax: 212-239-9688
www.catafagofini.com

May 2, 2022

**Via ECF**

District Judge Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

Re:   *Rachel Carol Filsoof v. Andrew J. Cole*., Case No. 21-cv-1791-NRB
      Letter Motion Regarding Status of Plaintiff's October 5, 2021 Motion to Compel Docs. 85-87; 113-114 and 125

Dear Judge Buchwald:

We represent Plaintiff Rachel Filsoof in the above-referenced action. We are writing to respectfully request guidance or a status update from Your Honor regarding the portion of Plaintiff's October 5, 2021 motion to compel (Docs. 85-87; 113-114 and 125) (the "Motion to Compel") that requested a 90-minute continued deposition via Zoom of Defendant to allow Plaintiff to ask Defendant about documents and information that were produced by the Defendant after his deposition, which took place on September 14, 2021.

At the outset, we note that the Court has not yet ruled on the portion of the Motion to Compel which requested a very short continued deposition of Defendant Cole. Although the Court issued an initial decision on December 1, 2021 (Doc. 135), the next day the Court withdrew that decision. See Doc. 136 ("The Court hereby withdraws its Memorandum and Order filed in this case on December 1, 2021 (ECF No. 135)"). Accordingly, the Court has not yet ruled on the portion of the limited relief sought in the Motion to Compel regarding Mr. Cole's deposition, namely, that a short 90-minute remote deposition of Defendant is warranted, to allow questioning on documents and information that Defendant only produced after his deposition.

Importantly, in the time following the Defendant's September 14, 2021 deposition, and the making of the October 5, 2021 Motion to Compel, the Defendant produced several new categories of documents and served new interrogatory responses which highlight the need for his continued deposition.[1] Specifically, only after his September 14, 2021 Deposition and the October 5, 2021 Motion to Compel, the Defendant produced the following discovery responses for the first time on the dates set forth below:

- On January 21, 2022, Defendant produced 50 pages of documents, consisting of communications to third parties relating to his counterclaim for alleged lost business opportunities and defamation;

---

[1] The Court reminded Defendant of his promise to produce the documents in a letter dated January 4, 2022. Doc. 143.

**Tom M. Fini**                                                                                           tom@catafagofini.com

- On March 3, 2022, Defendant produced 11 pages of documents relating to his counterclaim for lost business opportunities, and served his second supplemental interrogatory responses, which for the first time disclosed certain employers who allegedly stopped working with him as a result of the Plaintiff's conduct;

- On March 22, 2022, the Defendant for the first time finally produced his tax returns; and

- On October 7, 2021, the Defendant produced 6 pages of documents concerning his replevin counterclaim, specifically emailing regarding whether the Defendant gifted items to the Plaintiff.

In addition, in this Court's April 27, 2022 Order on the parties' discovery motions (Doc. 215), with respect to Interrogatory 5 concerning the Defendant disclosing all employers who allegedly stopped working with him because of the acts of the Plaintiff, the Court ordered the Defendant to "fully and completely answer this interrogatory." See Doc. 215 at 3. Again, Plaintiff has not had the opportunity to question the Defendant on these topics because of his late disclosures.

In light of the above documents and information that Defendant only disclosed after his September 14, 2021 deposition, we respectfully submit that this highlights the need for the relief sought in the Motion to Compel, namely, a very short 90-minute continuation of the Defendant's deposition via Zoom. *See e.g., Zubulake v. UBS Warburg* LLC, 229 F.R.D. 422, 437–38 (S.D.N.Y. 2004) (ordering the party that failed to produce documents relevant to a deposition to be re-examined and pay costs); *Prestige Global Co. Ltd. v. L.A. Printex Industries, Inc.*, 2012 WL 1569792, at *2 (S.D.N.Y. May 3, 2012) (ordering a continued deposition "to prevent Printex from gaining an unfair advantage from its late production").

We thank the Court for its consideration.

Respectfully submitted,

/s/ Tom M. Fini
Tom M. Fini, Esq.

cc: all counsel of record (via ECF)

Application denied. **SO ORDERED.**

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
May 6, 2022

2