

**Catafago Fini LLP**

*Attorneys at Law*

One Grand Central Place
47th Floor
New York, NY 10165

tel: 212-239-9669   fax: 212-239-9688
www.catafagofini.com

May 2, 2022

**Via ECF**

District Judge Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

Re:   *Rachel Carol Filsoof v. Andrew J. Cole*., Case No. 21-cv-1791-NRB
      <u>Plaintiff's Pre-Motion Letter Regarding Preclusion of A Witness and To Permit Plaintiff One Additional Deposition Subpoena</u>

Dear Judge Buchwald:

We represent Plaintiff Rachel Filsoof in the above-referenced action.  Plaintiff respectfully submits this pre-motion letter for the following relief: (a) to preclude the Defendant from calling at trial a witness Defendant belatedly identified for the first time only 2 days before the fact discovery cut-off, or in the alternative to allow Plaintiff to take this witness' deposition; and (b) to permit Plaintiff one additional deposition subpoena of an employee of the Mariposa District Attorney's office in light of new information obtained on April 29, 2022.

I.   **Defendant Should be Precluded from Calling The Witness at Trial, or Alternatively Plaintiff Should Be Able to Depose This Witness**

On April 27, 2022 -- 2 days before the April 29, 2022 fact discovery cut-off -- Defendant for the first time listed Plaintiff's half-brother, Nader Filsoof, as a witness.  See Exhibit A hereto.  Defendant has made clear that he wishes to call Plaintiff's half-brother for the same impermissible reason that Defendant wanted to depose Plaintiff's ex-boyfriend: to have the half-brother discuss Plaintiff's alleged general bad character, and her alleged propensity to be deceptive.  See Exhibit A ("Upon information and belief, Mr. Filsoof will be able to testify about Plaintiff's character for untruthfulness").  Following considerable briefing the Court correctly disallowed an attempt to establish a "modus operandi in romantic interpersonal relationships" by way of third party witnesses.  See Doc. 220.  For the same reasons, Nader Filsoof should be precluded from being called as a witness at trial both because he is irrelevant and because he was identified late.

It is well settled that, under Rule 26, a party must disclose witnesses they intend to rely on as early as possible.  *See* Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information reasonably available to it").  A key reason for this rule is so that the other parties can depose the other side's witnesses to avoid being ambushed at trial.  In that regard, disclosing a new witness at the end or after the discovery period gives little to no time to notice a deposition or to obtain documents from the witness in a reasonable manner, unless there is an extension of the discovery deadline.  *See e.g.*, *Lopez v. City of New York*, 2012 WL 2250713, at *1 (E.D.N.Y. Jun. 15, 2012) ("The purpose [of Rules 26 and 37] is to avoid surprise or trial by ambush."); *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd*., 911 F.Supp. 76, 79–80 (E.D.N.Y.1996) (holding that "Rule 26(e) requires a party to supplement responses to formal discovery requests whenever that party learns that its prior disclosures or responses are incomplete or incorrect" and "[w]here a party does not comply with the requirements of Rule 26(e), a trial court may fashion sanctions to provide a remedy for the

Tom M. Fini                                                                                                                        tom@catafagofini.com

---

[Judge's endorsement, handwritten/stamped on page:]

Given the consent of the defendant to plaintiff's intent to depose two witnesses from the Mariposa and Madera County District Attorneys' Offices, under FRCP 45, any remaining issues with respect to those depositions are within the purview of the district court for the Eastern District of California. The Court will not preclude the deposition of Nader Filsoof, who defendant proposes to call as a witness pursuant to FRE 608 with respect to the plaintiff's character for untruthfulness.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
       May 6, 2022

unfairly surprised party."); *Lebada v. N.Y.C. Dep't of Educ.*, 2016 WL 626059, at *5 (S.D.N.Y. Feb. 8, 2016), *report and recommendation adopted*, 2016 WL 8453417 (May 16, 2016) (ordering preclusion of late-identified witnesses because "Defendants deposed numerous witnesses without any reason to investigate Sime, Barry, or Landress because they properly assumed that those witnesses would not be "used to support [plaintiffs'] claims").

Accordingly, where, as here, a party lists a witness very late in the fact discovery process, courts have routinely precluded the party from using the testimony of such late-identified witnesses. *See e.g.*, *Lincoln Rock, LLC v. City of Tampa*, 2016 WL 6138653, at *11 (M.D. Fla. Oct. 21, 2016) (striking supplemental Rule 26 disclosure made two weeks before close of discovery); *Ross v. Parrot's Landing, Inc.*, 2019 WL 9656298, at *2 (W.D. Mich. Jul. 15, 2019) (striking witnesses that were disclosed "five days before the close of fact discovery").

Importantly, Defendant's April 27, 2022 supplemental disclosure document (attached hereto as Exhibit A) reveals that the Defendant wants to use this newly disclosed witness for the same reason the Defendant wanted to depose Plaintiff's ex-boyfriend: to have the half-brother discuss Plaintiff's alleged bad character, and her alleged propensity to be a deceptive person, which is which is inadmissible and not discoverable. *See e.g., Popat v. Levy*, 2020 WL 6465449, at *5 (W.D.N.Y. Nov. 3, 2020), aff'd, 2020 WL 7040641 (W.D.N.Y. Nov. 30, 2020) (granting motion to quash subpoena directed to a party's prior employer to show his alleged poor performance because "[e]ven if Dr. Levy's decision to terminate plaintiff was somehow related to plaintiff's performance at URMC or Roswell, "[e]vidence of plaintiff's propensity to act in a certain manner is inadmissible under Fed. R. Evid. 404(a)"); *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (quashing subpoena directed to a party's previous employer because [e]ven if Henry was not an 'exceptional' waiter at his prior jobs (whatever that may mean), it is not remotely apparent what difference that would make regarding the allegations of discrimination and retaliation he has made in this case").

Thus, because Defendant listed Nader Filsoof so late in the process, which made it impossible for the Plaintiff to depose this new witness before the fact-discovery cutoff, and because the anticipated testimony is non-discoverable and inadmissible, we respectfully submit that the Court should strike this witness.

In the alternative, even where parties have established a justification for listing a witness late in discovery, courts then uniformly allow the other side to take a deposition of such witness, in order to avoid the extreme unfairness that would result in the innocent party being ambushed by the party who was late in identifying the witness. *See e.g.*, *Jokich v. Rush University Medical Center*, 2020 WL 2098060, at *4 (N.D. Ill. May 1, 2020) (ordering "limited re-opening of discovery to allow Rush the opportunity to obtain discovery if needed on the newly identified witnesses and information" because "the late disclosures days before the discovery cut off effectively prevented Rush from taking discovery during the previously-set discovery period on the new witnesses"); *Compania Administradora de Recuperacion de Activos*, 2006 WL 1084422, at *1-2 (C.D. Ill. Apr. 21, 2006) (permitting the taking of depositions of the late disclosed witnesses in lieu of striking the disclosed witnesses because the late disclosures "effectively prevents Plaintiff from any meaningful opportunity to depose the newly disclosed witnesses"); *Lobato v. Ford*, 2007 WL 2593485, at *10 (D. Col. Sept. 5, 2007) (permitting a party to take the deposition of a newly disclosed witness). Therefore, if the Court does not strike/preclude Defendant's belatedly-identified witness Nader Filsoof, then we respectfully submit that Plaintiff should be able to serve a subpoena for his deposition.

## II. New Information Obtained Provides Good Cause for Plaintiff To Take One Additional Deposition of One Employee of the Mariposa District Attorney's Office

Plaintiff also seeks to take one additional deposition of an employee from the Mariposa District Attorney's Office, based on new information that Plaintiff obtained on April 29, 2022 in pursuing a subpoena issued to the Madera County District Attorney's Office (the "Madera DA's Office").

By way of background, in a document dated May 13, 2022, an investigator from the District Attorney of Mariposa County, Josh Keheley, made the conclusory and incorrect assertion that Plaintiff's phone was purportedly "forensically sanitized." See Ex. B hereto. Mr. Keheley cited a forensic extraction of Plaintiff's phone that was conducted by a different investigator, Derek LaFontaine, who is from a nearby but different DA Office, that of Madera County. However, in the very same document, Mr. Keheley contradicts himself and refers to the extraction of messages from the phone that Mr. LaFontaine performed. See Ex. B ("Investigator LaFontaine extracted the information from the phone and saved it to an empty 1 TB hard drive I provided him").

The Defendant in this action has made it clear that he intends to use the unsupported and conclusory assertion that Plaintiff's phone was somehow "sanitized" – which incorrectly suggests that all data was wiped from Plaintiff's phone. In fact, Plaintiff's cell phone was not sanitized at all, which is evidenced by the thousands of texts and other information produced by the Plaintiff in this case. Moreover, Plaintiff's computer forensics expert (Consilio) has determined in an unrebutted expert declaration that Plaintiff's cell phone was in no way whatsoever wiped or sanitized. See Doc. 117.

In order to demonstrate that the Plaintiff's phone was not sanitized, on April 14, 2022, Plaintiff served subpoenas on the Madera DA's Office and Mr. LaFontaine. These subpoenas seek information regarding the data that was extracted from Plaintiff's phone by Mr. LaFontaine of the Madera County DA's office that is referred to in Exhibit B. There is another document written by Mr. LaFontaine himself, in which he describes the software (Cellebrite) and process used to extract data and information from Plaintiff's phone. See Exhibit C ("I conducted a forensic cellular phone extraction of the Apple iPhone 11 provided by the Mariposa District Attorney's Office."). In that key document, Mr. LaFontaine described a separate report he generated regarding the data extracted from Plaintiff's iPhone, as well as the results from the extraction. See Ex. C ("The extraction was processed and a report was generated from the results of the Advanced Logical extraction"); ("The results of the extraction were copied and transferred"). The April 14, 2022 subpoenas to the Madera DA and Mr. LaFontaine seek these documents – the report, the data extracted from Plaintiff's phone, and documents regarding the extraction of data from Plaintiff phone. Moreover, the subpoenas seek a short deposition of Mr. LaFontaine to confirm that he in fact extracted data from the Plaintiff's iPhone.

As set forth in the attached Declaration that I submit under penalty of perjury, after the Madera DA asserted an objection to the subpoenas, during a meet and confer call with the Madera District Attorney that just took place on April 29, 2022, District Attorney Sally Moreno stated to me that Plaintiff's cell phone was not cleansed or sanitized – since Mr. LaFontaine in fact extracted data from the phone. See Declaration of Tom M. Fini attached hereto as Exhibit D. At the same time, however, Ms. Moreno stated that her office intends to assert the investigatory privilege, and referred me to an outside attorney to further meet and confer, and to serve any needed motion to compel on that attorney.

While we will now make a final effort to seek to have the Madera DA's office to cooperate with the subpoenas, or else move to compel in the Eastern District of California, we now know that Mr. Keheley's statement conflicts with information possessed by the Madera DA's Office and Mr. LaFontaine. In light of this new information, Plaintiff seeks to issue one very short additional deposition of Mr. Keheley of the Mariposa DA's office. That is, in light of the new information made available from the DA's Office in Madera

(who cooperated in the investigation with the Mariposa DA's office), we need to be able to issue one more subpoena seeking to ask Mr. Keheley about the inconsistency, with one DA's Office agreeing that the phone was not sanitized, and yet Mr. Keheley's loose and incorrect use of the word "sanitized" in his document. Although any motion to compel with respect to such subpoena would need to be brought in the Eastern District of California, the Plaintiff does need permission from Your Honor to issue the subpoena.

Under these circumstances, including the new information available to us only as of April 29, 2022, we respectfully submit that Plaintiff has demonstrated good cause under Rule 16 to allow the issuance of one additional subpoena for a very short remote deposition of Mr. Keheley, not to last more than 60 minutes. *See e.g.*, *Moreno-Godoy v. Gallet Dreyer & Berk*, 2016 WL 5817063, at *6 (S.D.N.Y. Oct. 14, 2016) (holding that good cause permitted "an additional deposition" based on new information obtained); *Macineirghe v. County of Suffolk*, 2015 WL 1509507, at *6 (E.D.N.Y. Apr. 1, 2015) (ordering an additional deposition after the close of fact discovery because of new information obtained before trial); *Schulman v. Saloon Beverage, Inc.*, 2014 WL 3353254, at *8 (D. Vermont Jul. 9, 2014) (holding that party met the good cause standard for an additional deposition).

We also respectfully submit that there is no prejudice to the Defendant or the progress of the case by this very limited request. The Court has already authorized discovery to continue until the end of May for previously-noticed subpoenas, and a related document subpoena was served on the Mariposa DA's office. See Doc. 219. In addition, expert discovery will not close until June 30, 2022, and this limited deposition involves the hybrid fact/expert issue of whether Plaintiff's phone was sanitized. *See e.g., Fusion Elite All Stars, et al., Movants, v. Rebel*, 2022 WL 1274965, at *6-7 (W.D. Tenn. Apr. 28, 2022) (citing with approval case law allowing subpoenas to third parties to inform expert opinion). Thus, not only has Plaintiff sought the deposition promptly after the April 29, 2022 call with Ms. Mareno took place, but there would be no prejudice to the Defendant or the progress of the case due to the one-hour Zoom deposition sought. Indeed, it is the Defendant who has put this expert issue in play by trying to unfairly use one conclusory statement against the Plaintiff regarding her phone.[1]

We thank the Court for its consideration.

Respectfully submitted,

/s/ Tom M. Fini
Tom M. Fini, Esq.

cc:     all counsel of record (via ECF)

---

[1] Pursuant to Rule 30(e), on January 4, 2022, the parties filed a joint document memorializing that both sides has agreed to exceed the ten-deposition per side limit, and Plaintiff expressly reserved the right to seek more depositions. See Doc. 144. ("The parties have stipulated to at least 12 Depositions each side."); See Plaintiff's January 4, 2022 email attached hereto as Ex. E (making clear that Plaintiff did not agree to a limit of 12 depositions). For the same reasons that there is good cause to allow the deposition to be noticed after the initial fact discovery cut-off, there is similarly good cause to allow one additional one-hour deposition under Rule 30(e).